R. D. BEEDE and another *vs.* CHARLES PROEHL.

February 17, 1886.

34 497
46 395

Promissory Note Payable in Merchandise—Defence to Action for Money.—A dealer in certain articles of merchandise executed a note, payable in these articles, on a day certain, at his place of business. He has always kept on hand in his stock, at his place of business, sufficient of these articles with which to pay the note, and has always been ready and willing to pay whenever the note should be presented. The note was not presented for payment on due-day, nor was the holder present to receive the property. *Held* that, to an action brought to recover the amount of the note in money, this readiness to perform was a good defence; that it was not necessary that the maker should, on due-day, have segregated from his general stock sufficient of the articles to pay the note, and set them apart as the property of the holder.

Appeal by plaintiffs from an order of the municipal court of Minneapolis, refusing a new trial.

*Henry P. Herring*, for appellants, cited 2 Parsons on Cont. 652; *Townsend* v. *Wells*, 3 Day, 327; *Smith* v. *Loomis*, 7 Conn. 110; *Vanhooser* v. *Logan*, 3 Scam. (Ill.) 389; *Johnson* v. *Seymour*, 19 Ind. 24; *Norton* v. *Webb*, 36 Me. 270; *Morey* v. *Enke*, 5 Minn. 316, (392;) *Rockwell* v. *Rockwell*, 4 Hill, 164; *Pinney* v. *Gleason*, 5 Wend. 393; *Newton* v. *Galbraith*, 5 John. 119; *Barns* v. *Graham*, 4 Cow. 452; *Roberts* v. *Beatly*, 2 P. & W. (Pa.) 63; *Church* v. *Feterow*, Id. 301; *Stewart* v. *Donelly*, 4 Yerger, (Tenn.) 176.

*David B. Johnson*, for respondent.

MITCHELL, J. This action was brought upon the following chattel note, indorsed by the payee to the plaintiffs:

"$104.62.                                    MINNEAPOLIS, April 30, 1884.

"One day after date, I promise to pay to the order of J. H. Talmadge one hundred and four and 62-100 dollars, at Minneapolis, at my place of business, in lime, cement, or hair, at cash price. * * *

"CH. PROEHL."

The complaint sets out the note, alleges non-payment, and demands judgment for $104.62, with interest. The pleadings and proceed-
v.34M—32

ings are rather informal, and the evidence somewhat indefinite on some points; but, taking the allegations of the answer, (which are not denied,) the uncontradicted evidence, and the findings of the court, we think the following facts clearly appear: Proehl was a dealer in and vendor of the articles named in the note, his place of business being on Sixth avenue, Minneapolis. He always has had and still has on hand in stock, at his said place of business, the articles in which this note was payable, and has always been and still is ready and willing there to pay in such articles, whenever the note should be presented; but that the note was never presented until August 14th, at which time plaintiffs' agent took it to defendant's place of business, and, after inquiring the price of lime, presented the note, and demanded payment; that thereupon defendant offered to pay in lime, at 75 cents per barrel, to which plaintiffs' agent objected that the price was too high, and "turned round and walked away." The evidence is undisputed that 75 cents per barrel was the cash and market price of lime. Without any other or further presentation of the note, or demand of its payment, the plaintiffs bring this action.

Notwithstanding that notes or contracts payable in specific articles are of common occurrence, it is somewhat remarkable that the law governing the rights and duties of parties to such contracts seems to be in some particulars unsettled and in a state of doubt. Many of the adjudicated cases seem to us to adopt technical rules, unsuited to every-day business contracts of this kind, and not in accord with the general understanding and usage of business men. Being payable in specific articles, this note does not become payable in money until there has been some default on part of the maker. On the facts stated, we fail to discover any such default. The place of payment having been fixed, it will be conceded that the maker was not required to seek the holder, and make or tender payment elsewhere. As, on the due-day, and always thereafter, the maker had and has at the place of payment (his place of business) these articles with which to pay the note, and was and continues ready and willing to deliver them whenever the note should be presented, we think he has done all that was necessary, and is not in default.

We infer from the authorities cited by plaintiffs that their conten-

tion is that the only defence available to defendant would have been a plea of tender; and that, to constitute a tender, it was not enough that he had on hand, at the time and place of payment, the articles in which the note was payable, and was ready to pay whenever it was presented, but that, notwithstanding the note was not presented, and no one was present to receive the articles, yet on the due-day defendant was bound to have segregated from his stock the exact amount of these articles necessary to pay the note, and specifically appropriated them to that purpose, and set them apart for the plaintiffs as their property; and that, this not having been done, the note immediately became payable in money.

It may be conceded that some of the cases seem to fully sustain this contention. But we think it would never occur to any business man that when a dealer or merchant gives a note, payable at his place of business, in articles which he there keeps for sale, that, in order to relieve himself from a default which would render the note payable in money, he must thus segregate and set apart, out of his stock, an amount of these articles equal to the amount due, although the note was not presented and no one was present to receive the property. We apprehend that it would never occur to him that he was required to do more than to keep and have on hand in stock sufficient of the articles with which to pay whenever the note was presented.

It may also be conceded that, to constitute a *tender*, it would be necessary to thus set apart the articles, as the property of the holder of the note; and if the maker desired to *discharge* and *satisfy* the debt, he might undoubtedly do this. If this were done, and the articles thereafter held as the property of the holder of the note, the relation of debtor and creditor would no longer exist, but that of bailor and bailee. *Lamb* v. *Lathrop*, 13 Wend. 95; *Games* v. *Manning*, 2 G. Greene, (Iowa,) 251; *Conn* v. *Gano*, 1 Ohio, 484. But the defence here is not that defendant has *paid* or *discharged* the debt. He still owes the note. What is claimed is that defendant having always been ready to pay according to the terms and conditions of the instrument, there has been no default on his part by reason of which he has become liable to pay in money. The defence is not *payment* or *tender*, but *readiness to perform*. This, we think, is a good defence,

and was fully established. See *Robbins* v. *Luce,* 4 Mass. 474; *Johnson* v. *Baird,* 3 Blackf. 153; S. C., Id. 182.

It is probably true, as plaintiffs contend, that the note being payable on a day certain, and not on demand, it was not necessary for them to allege or prove a special demand before suit. But the question is not what plaintiffs should have alleged in the complaint, but what was it competent for defendant to allege and prove by way of defence? See *Fleming* v. *Potter,* 7 Watts, 380.

Even if there had been a default on part of defendant prior to August 14th, we are strongly inclined to the opinion that what occurred on that day amounted to a waiver on part of plaintiffs, by putting their refusal to receive the lime, not upon the ground of a former default by which the note had become payable in money, but solely upon the ground that the price was too high. If so, then, upon well-settled principles, this was a waiver of all other objections; and, if they were mistaken in this, (as the evidence shows they were,) the tender of the lime at that time, and the refusal by plaintiffs to accept it, constitute a good defence to this action. *Gould* v. *Banks,* 8 Wend. 562; *Gaines* v. *Manning,* 2 G. Greene, (Iowa,) 251; *Buck* v. *Burk,* 18 N. Y. 337. But it is unnecessary to decide this. For the reasons already given, the order denying a new trial must be affirmed.