I. I. HILLESTAD and another *vs.* M. V. HOSTETTER and another.

June 30, 1891.

**Sale—Payment to be Made in Lumber.**—Evidence examined, and *held* sufficient to support a finding by the jury that certain goods sold to defendants were to be paid for in lumber.

**Same—Buyer's Duty as to Delivery.**—The time of delivery and prices of the lumber not being particularly specified, it is sufficient that the defendants were ready and willing to furnish it at their lumber-yard, when called for by plaintiffs, at the current market rates.

**Evidence — Error Cured by Subsequent Ruling.** — Objectionable evidence, promptly or without unreasonable delay stricken out by the court on motion, *held* not prejudicial, under the circumstances of the case as appearing of record.

Appeal by plaintiffs from an order of the district court for Polk county, *Mills*, J., presiding, refusing a new trial after verdict for defendants in an action to recover $294.37 for goods sold and delivered.

*A. C. Wilkinson*, for appellants.

*H. Steenerson* and *W. H. Averill*, for respondents.

VANDERBURGH, J. The plaintiffs sue to recover for a bill of goods sold and delivered to the defendants and to Carver Bros., lumbermen, at the request and by the order of the defendants. The account, as rendered, is admitted by the pleadings to be correct, except as to an alleged excess of $9.25 in the account with Carver Bros. The only issue in the case litigated was whether the goods were furnished under an agreement that they were to be paid for by the defendants in lumber. The defendants allege that such was the agreement, and the plaintiffs deny it.

The parties live in the same town, the plaintiffs being dealers in general merchandise, and the defendants engaged in selling lumber. The defendants' evidence tends to prove that in December, 1888, they and the Carvers were trading with another merchant, and that at the request of the plaintiffs he made an arrangement with them to deal with them, and "take goods for lumber," and that, at plaintiff's re-

quest, Carver Bros., who were lumbering for defendants, were also induced to get their supplies of plaintiffs, to be paid for in the same way. There was no error in allowing the defendants to show that this change was made, and that the latter requested the Carvers to trade with plaintiffs on their account. This was an item of evidence confirmatory of the defendants' claim as to the nature of the agreement. One of the Carvers, (O. F. Carver,) sworn for the defendants, testified that there was some trouble with plaintiffs about their orders, and that one of the plaintiffs explained to him that the reason was that the pass-book was not presented, but said "that it was all right," he "had made a trade with Hostetter," and "should need a considerable lumber in the spring." The witness also testified that he told him in the same conversation what Hostetter had said, "that he had made a trade with him to get goods there, and that he was going to take lumber." O. P. Carver also testified that he changed his trade to plaintiffs at Hostetter's request. He was then asked by defendants' counsel to state what that request was. This question the witness was allowed to answer, over the objection of plaintiffs' counsel, and in his answer he stated that Hostetter wanted him to trade with plaintiffs, because he had arranged with them to take lumber, and he was to take groceries. We think it was error to allow the witness to testify as to the terms or particulars of the request. It was immaterial and hearsay. It was sufficient that he was in the employ of the defendants, and that he went there to trade at their request. At the close of this witness' evidence the plaintiffs' counsel moved to strike out all his evidence. The court announced that he would reserve his decision for the time, but soon after, and before plaintiffs introduced their testimony in rebuttal, stated that the objectionable testimony above referred to was stricken out. And subsequently, in its charge to the jury, the court expressly so advised the jury, distinctly calling their attention to the fact and withdrawing the evidence from their consideration. The objectionable portion of the answer was not strictly responsive to the question, and should have been stricken out immediately, in which case there would have been no error to complain of. But we think the intervening delay was so short that the action of the court in striking it out, together

with the charge on the subject, was sufficient to counteract any impression which might have been made on the minds of the jury by this item of evidence, particularly in view of the rest of the defendants' evidence on the subject.

After plaintiffs' account was rendered to the defendants, in the spring of 1889, the latter, on or about June 1st, by their attorney, sent them written notice that they were ready to deliver the lumber according to agreement, and awaited their order.   This was objected to by the plaintiffs, but was received by the court for the purpose of showing that the defendants were ready and willing to perform the contract.   We find no exception in the record to this ruling.   The court instructed the jury that they could only consider it for the purpose mentioned; and we think there was no error in submitting the evidence to the jury.   The time for the delivery of the lumber and the prices are not specified in the agreement testified to by the defendants.   It was sufficient that they were ready and willing to furnish it when called for.   They had a lumber-yard amply stocked, and it was the plaintiffs' duty to apply for and select the lumber in payment of the amount of their claim; and they would be entitled to it at the current market rates.   Bish. Cont. § 1436; *Beede* v. *Proehl*, 34 Minn. 497, (27 N. W. Rep. 191.)

The court also, in the same connection, stated to the jury, in substance, that there was some dispute as to the effect of the letter in connection with defendants' testimony, but they might consider it for what it was worth, or "as far as it went, with the rest of the case."   This does not appear to be error from anything disclosed by the record, and it is not specifically excepted to.   The plaintiffs excepted generally to that portion of the charge "in regard to the way or manner in which they might consider the letter." This includes all that was said on the subject, and the exception is ineffectual if any part of the instruction excepted to is proper; which, as we have seen, is the case here.

We have very carefully examined the entire record, and find no errors warranting a new trial.

Order affirmed.