## LOOFBORROW v. UTAH LIGHT & RY. CO.

No. 1749.   Decided January 2, 1906 (88 Pac. 19).

1. TRIAL — INSTRUCTIONS — CONSTRUCTION.—Instructions should be considered as an entirety, and if, as a whole, they correctly and fairly present the law, even if some particular instruction or portion thereof standing alone may be erroneous, it will be no ground. for reversal.

2. SAME — PROVINCE OF COURT AND JURY. — Where plaintiff, while driving along the street, was injured by collision with a street car, and there was evidence that his horse was unruly and unmanageable, it was error, as an invasion of the jury's province, to instruct that it was not negligence on his part to drive along and near defendant's track.

APPEAL from District Court, Third District; M. L. Ritchie, Judge.

Action by Harlan Loofborrow against Utah Light & Railway Company. From a judgment for plaintiff, defendant appeals.

REVERSED, AND NEW TRIAL GRANTED.

*Young & Moyle* for appellant.

*W. R. Hutchinson* and *A. R. Barnes* for respondent.

APPELLANT'S POINTS.

Every instruction must have evidence to support it. (*Coates v. Railway,* 24 Utah 304; *Ohlenkamp v. Railway,* 24 Utah 232; *Konold v. Railway,* 21 Utah 389; *Snell v. Crowe,* 3 Utah 26.)

A part of this instruction reads: "In this case it was not negligence on the part of the plaintiff to ride along or near the track of the defendant railway. This finding or assumption made by the court, we maintain is upon a very material, disputed fact which should have been left to the jury. (Blash-

field, Instruction to Juries, sec. 29; *Railway v. Casady,* 40
S. W. 198; *Cahoon v. Marshall,* 25 Cal. 197.)    An instruc-
tion which assumes a disputed fact against appellant is pre-
judicial and error, notwithstanding the fact that another por-
tion of the instruction imply that they should be the judge
of a fact which and the credibility of the witnesses. (*Marti
v. Smelting Co.,* 23 Utah 52; *People v. Glassman,* 12 Utah
238; *Fenstermaker v. Pub. Co.,* 12 *Utah* 439.)    If inconsist-
ent instructions are given it is error. (*People v. Berlin,* 10
Utah 40; *People v. Hancock,* 7 Utah 180; *Marti v. Smelt-
ing Co.,* 23 Utah 52.)

### RESPONDENT'S POINTS.

Where a witness is contradicted the party calling him has
the obvious right to introduce competent testimony corrob-
orating him, and no exception lies to the hearing of such tes-
timony.    (1 Thompson on Trials, secs. 541, 544; *Wade v.
Thayer,* 40 Cal. 578; 1 Elliott on Evidence, sec. 189; *Rail-
way v. Hart,* 28 N. E. 218; *Stewart v. Anderson,* 82 N. W.
771.)    Further appellant is estopped from complaining of
the giving of this portion of the instruction, having requested
the court to instruct on the same point.    (1 Blashfield on
Instructions to Juries, sec. 91, p. 211; *Spears v. Mt. Ayr,*
66 Iowa 721.)    To the point that the court in this instruction
correctly stated the law as to the relative rights of the plain-
tiff and defendant company, in the use of this highway, we
cite:    *Hall v. Railway,* 13 Utah 243; *Thompson v. Transit
Co.,* 16 Utah 281; *Mahoney v. Railway* [Cal.], 42 Pac. 968;
*Railway v. Schmidt* [Ind.], 71 N. E. 665; *Scamel v. Rail-
way* [Mass.], 57 N. E. 341.

When the charge of the trial court as a whole appears to
state the law fairly and correctly there is no reversible error,
even though one portion of the charge considered alone is
faulty. (*Major v. Railway,* 21 Utah 141; *Olsen v. Railroad,*
24 Utah 460; *Holland v. Railway* [Utah], 72 Pac. 940;
*Hamer v. Bank,* 9 Utah 220; *State v. McCoy,* 15 Utah 141;
*Anderson v. Daly Mining Co.,* 16 Utah 38.)

STRAUP, J.

This is an action for personal injury. The plaintiff had judgment, and the defendant appeals. The evidence on the part of the plaintiff tended to show: That he was driving a horse and cart along one of the streets of Salt Lake City. The street was muddy. The best part of it was near the street car track of the defendant. The plaintiff was driving north. His horse was somewhat unruly and unmanageable, and wanted to run, but was controlled by plaintiff. The horse, however, went up the street in a zigzag manner, sometimes near the track, and at other times on the track. Whilst the horse was jumping and prancing near the track, or partially on the track, and whilst plaintiff was endeavoring to get him from it, a street car operated from the south by the defendant was run, without warning and at a high rate of speed, against and upon plaintiff and injured him. The circumstances were such as defendant's agents in charge of the car saw, or, in the exercise of ordinary care, could have seen, plaintiff's perilous situation in time to have stopped the car and avoided the collision. On the part of the defendant the evidence tended to show that plaintiff was driving his horse to one side of the street and not near the track; that the horse was bucking and kicking, and as the car, at a low speed and with warning, approached, the horse kicked plaintiff in the side partially disabling him; that the horse then suddenly ran across the street in front of the car, and that the collision resulted therefrom before the car could be stopped. Error is predicated on the following charge of the court: "A street railway company, from necessity growing out of the nature of its business, has the right of way—that is, the right to proceed first in case of meeting a person or vehicle—but, except in that regard, so far as material to any issue in this case, it has no rights on the public streets of a city except such as are given to the public at large. And, in case of meeting a person or vehicle, each party, in order to avoid accident, must exercise ordinary care and such reasonable prudence as the surrounding circumstances require, and in this case it was not negligence on the part of the plaintiff to drive along or near

the track of the defendant's railway; further, he might even drive upon the track of defendant's railway if he did so in the exercise of due care to avoid accident at a time when there was no car near enough to cause a reasonable person to apprehend danger, and providing also that he did not drive upon the track at such a time and in such a way as unreasonably to impede or hinder the operation of any of the defendant's cars, and, if you find that the plaintiff did drive along, near, or upon the track under such circumstances, he had a right to presume that the motorman of a car coming upon him from the rear would give him timely warning of the approach of the car."

The complaint made of the charge is that, by the statement "in this case it was not negligence on the part of the plaintiff to drive along or near the track of the defendant's railway," the court invaded the province of the jury. The respondent invokes the rule, which is well established and fully recognized by this court, that "instructions should be considered with reference to each other, and as an entirety, and not separately or in disconnected parts, and, if the instructions, as a whole, correctly and fairly present the law to the jury, even if some particular instruction, or some portion of an instruction, standing alone or taken abstractly, and not explained or qualified by others, may be erroneous, it will afford no grounds for reversal." It is then contended that the particular clause complained of should be read with the clause following it, "if he did so in the exercise of due care to avoid accident at a time when there was no car near enough to cause, a reasonable person to apprehend danger," etc.; that, so construed, the charge is a correct statement of the law; and that the clause alleged to be erroneous was also modified and explained by other portions of the charge wherein the jury were instructed that, if the plaintiff was guilty of contributory negligence, he could not recover. It must be conceded that the clause complained of standing alone is erroneous, and that such a charge was a clear invasion of the province of the jury, for that it was for them, and not the court, to determine from all the facts and circumstances in the case whether it

was or was not negligence on the part of the plaintiff to drive near the track at the time in question. It is true that, under some circumstances, one may drive near or on the track of a street railway, without being guilty of negligence, either as matter of fact or law. But when the court instructed the jury that "in this case" it was not negligence on the part of the plaintiff to drive near the track, it, in effect, told the jury that, under all the facts and circumstances as shown by the evidence, the plaintiff was not guilty of negligence in driving near the track at the time in question, and took the consideration and determination of such act of imputed negligence entirely from them. Now, if it can be said that the objectionable clause is qualified by the subsequent clause, then it might be said not to be open to the criticism made of it. But the plain language used by the court, and as ordinarily understood, permits no such qualification. The subsequent clause modifies the clause that plaintiff might even drive upon the track, and not the clause that he was not negligent in driving near the track. When the court told the jury that it was not negligence on the part of plaintiff to drive along or near the track, that was a statement of a separate and distinct fact. When the court told the jury, "further"—that is, in addition thereto, or besides, or moreover—"the plaintiff might even drive upon the track if he did so in the exercise of due care to avoid accident," etc., that also was a statement of a separate and distinct fact. In the one instance the court instructed the jury that "in this case" it was not negligence at all on the part of plaintiff to drive near the track; in the other, that plaintiff might even drive on the track if he did so in the exercise of due care to avoid accident, etc. To now say that the qualifying words of the latter statement should be read back also to the former is doing violence, not only to the plain language as used and as ordinarily understood, but also to all rules of grammatical construction. Nor do we find that the objectionable clause is qualified by the court's charging that plaintiff could not recover if he was guilty of contributory negligence. The defendant was entitled to go to the jury and have their judgment of whether the plaintiff at the time

in question and under all the facts and circumstances as disclosed by the evidence was guilty of negligence in driving near the track with a bucking and unmanageable horse. The court's charge that plaintiff was not guilty of negligence in driving near the track was not qualified by the charge that the plaintiff could not recover if he was guilty of contributory negligence, for the issue as to that act of imputed negligence was determined by the court in favor of the plaintiff, and nothing remained for the jury but to pronounce it no negligence. The case does not fall within the rule invoked by respondent, for it is manifest that the court invaded the province of the jury and itself determined a material issue of imputed negligence which ought to have been left to them.

There are other assignments made, but we do not deem them of sufficient importance to require an expression from us.

The judgment of the court below is reversed, and a new trial of the cause is granted. Costs to be taxed against respondent.

McCARTY, C. J., and FRICK, J., concur.