## LOOFBOUROW v. UTAH LIGHT & RY. CO.

No. 1912. Decided April 4, 1908 (94 Pac. 981).

1. DAMAGES—PLEADING—EVIDENCE. In an action for personal injuries, a complaint alleging that by reason of defendant's negligence plaintiff received certain specified injuries, and that because of them plaintiff "has been . . . and now is unable to do any manual labor whatsoever, . . . that the injuries are permanent, and that he will be prevented from actively pursuing his business during the term of his natural life," was sufficient to apprise defendant that plaintiff would probably offer evidence regarding his vocation, earnings, and loss thereof, and, in the absence of a special demurrer on the ground of uncertainty, defendant could not complain of the admission of such evidence.

2. APPEAL — HARMLESS ERROR — ADMISSION OF EVIDENCE — ERROR CURED BY STRIKING OUT OR INSTRUCTIONS TO JURY. In an action for injuries to an engineer, defendant on cross-examination of plaintiff asked him as to any efforts made to obtain employment after the injuries. Plaintiff disclosed that he did not obtain any permanent employment as an engineer, notwithstanding he made repeated efforts to do so; that he obtained some employment as engineer, but had to quit it because of his physical condition due to his injuries. Held, that the erroneous admission on redirect examination of testimony of plaintiff as to what certain persons of whom he sought employment said to him concerning his ability to perform the duties of an engineer was not prejudicial; the court on defendant's motion having stricken the evidence from the record, and instructed the jury to disregard it.

3. STREET RAILROADS—REGULATIONS AND OPERATION—CARE REQUIRED
IN OPERATION OF ROAD—RIGHT OF WAY OVER TRACKS—COLLISION
WITH VEHICLES—NEGLIGENCE—QUESTIONS FOR JURY. The public, in
entering on street car tracks, are not trespassers, nor mere licensees,
but are there as a matter of right, and may remain therein until a
car approaches, and while the cars have the preferential right of
passage, the operatives thereof must exercise ordinary care for the
rights of others; and where a collision between a car and a vehicle
on or near the track occurs, the question of whether either or
both parties exercised under the particular circumstances the de-
gree of care required by law is ordinarily one of fact for the jury.[1]

APPEAL from District Court, Third District; M. L. Ritch-
ie, Judge.

Action by Harlan Loofbourow against the Utah Light &
Railway Company. Judgment for plaintiff, and defendant
appeals.

AFFIRMED.

For prior report, see 31 Utah 355, 88 Pac. 19.

*P. L. Williams, Geo. H. Smith,* and *Jno. G. Willis* for
appellant.

*W. R. Hutchinson* and *A. R. Barnes* for respondent.

RESPONDENT'S POINTS.

"If the petition claims damages for loss of time because
of permanent disability, the plaintiff may prove his skill as
a mechanic, the employment he was engaged in, and the
wages received, although such facts are not alleged." (4
Sutherland on Damages [3d Ed.], sec. 1247, p. 3625; *Flan-
nigan v. Railroad,* 83 Iowa 639, 50 N. W. 60; *Lesser v.
Railroad,* 85 Mo. App. 326; *Wade v. LeRoy,* 20 How. [U.
S.] 34; *Treadwell v. Whittier,* 80 Cal. 574, 22 Pac. 266;
*Luck v. Ripon,* 52 Wis. 196; *Railroad v. Burnett,* 80 Tex.

[1] Spiking v. Consolidated Ry. & Power Co, 33 Utah 313, 93 Pac. 838.
33 Utah—31

536; *Ehrgott v. Mayor,* 96 N. Y. 264; *Railroad v. Hawthorne,* 3 Wash. Ter. 353; *Hubert v. Bedell,* 21 N. Y. Supp. 305; *Croco v. Railroad,* 18 Utah 311.)

FRICK, J.

This is an action for damages for alleged personal injuries sustained by respondent and for damages to his horse and cart caused by a collision with one of respondent's street cars. The case is here on second appeal. The first appeal is reported in 31 Utah 355, 88 Pac. 19, where the facts are stated. The evidence on the second trial was practically the same as on the first, and we refer to the statement of the case as made by Mr. Justice Straup for further particulars. On the second trial the jury again found in favor of respondent. Upon the verdict judgment was entered, from which this appeal is prosecuted.

The appellant asserts that the court erred in admitting over its objections certain evidence concerning respondent's vocation, and what he could earn, and what his earnings had been prior to the injuries complained of. This alleged error is based upon the ground that such evidence was not relevant under the facts stated in the complaint. The evidence was admitted under the following allegation: That by reason of the acts of negligence set out in the complaint "several of the plaintiff's ribs, to wit, six, were crushed and broken, and plaintiff was otherwise greatly injured and bruised about the loins, back, limbs, spine, and body, and was thereby caused great physical pain and anguish of mind, and thereby made sick, sore, lame, and disordered from hence hitherto; that by reason of said injuries so received as aforesaid plaintiff has been ever since said date last mentioned, and now is, unable to do any manual labor whatsoever, and plaintiff upon information and belief alleges that said injuries are permanent and lasting; and that he will be prevented from actively pursuing his business during the term of his natural life." Here is a complete statement of respondent's injuries, their character and extent, and that by reason thereof he was and will continue to be prevented from pursuing his

business or vocation. This was sufficient to apprise appel-
lant that respondent in all probability would offer evidence
with regard to his vocation, earnings, and loss thereof.
If these allegations were deemed not sufficiently specific in
respect to respondent's calling or vocation, or if appellant was
unable to determine from them the vocation or calling of re-
spondent, it should have challenged the statements in that
regard by special demurrer upon the ground of ambiguity or
uncertainty. Not having done so, it cannot now be heard
to complain of the admission of evidence with regard to re-
spondent's vocation as an ordinary engineer and his loss of
earnings. The question involved here is quite unlike the one
involved in the case of *Pugmire v. O. S. L.,* 92 Pac. 762, re-
cently decided by this court. The question here presented
has frequently been considered and passed upon by the courts,
and, while there is some diversity of opinion, the overwhelm-
ing weight of authority is to the effect that under allegations
even less specific than those contained in this complaint the
evidence admitted in this case is clearly relevant and proper.
Among very numerous authorities that might be cited upon
this point we refer to the following: *Lesser v. St. L. & Sub.
Ry. Co.,* 85 Mo. App. 326; *So. Pac. Ry. Co. v. Hall,* 100
Fed. 760, 41 C. C. A. 50, 54; *Columbia, etc., Ry. Co. v.
Hawthorne,* 3 Wash. T. 353, 19 Pac. 25; *Treadwell v. Whit-
tier,* 80 Cal. 574, 22 Pac. 266, 5 L. R. A. 498, 13 Am. St.
Rep. 175; *Luck v. City of Ripon,* 52 Wis. 196, 8 N. W. 815;
Sutherland on Damages (3d Ed.), sections 1247, 1248.

It is further contended that the court erred in admitting
evidence over the objection of appellant with regard to what
certain persons said to respondent concerning his ability to
perform the duties of an engineer when he sought employ-
ment from them after the injuries. This evidence was all
stricken from the record by the court during the trial, and
before respondent rested his case, on motion of his counsel.
And the court, in an instruction, told the jury they must not
consider any evidence that was stricken out. It is now urged
that this did not cure the error of admitting the improper evi-
dence. That the declarations of the persons referred to and

what was said by respondent at the time was improper evidence there can be little, if any, room for doubt. But we think the error in admitting the evidence, in view of all the circumstances disclosed by this record, was completely cured by striking it out from the record and withdrawing it from the jury. Such is the general holding of the courts upon the question under consideration, which is well illustrated by the following authorities, which are a few only of the numerous cases that might be cited: *Boone v. Purnell,* 28 Md. 607, 629, 92 Am. Dec. 713; *Pennsylvania Ry. Co. v. Roy,* 102 U. S. 451, 458, 459, 26 L. Ed. 141; *Tolbert v. Burke,* 89 Mich. 132, 50 N. W. 803; *Hillstad v. Hostetter,* 46 Minn. 393, 49 N. W. 192. It must be conceded that, if properly limited to particular cases, there is much force to the argument of counsel for appellant, namely, that where improper evidence is once admitted in jury trials the jury may be unable to entirely dismiss it from their minds, and under certain circumstances may not be able to entirely segregate it from other evidence in the case. There may be, and no doubt are, cases where, under peculiar circumstances, an error in admitting certain evidence may not be curable by simply striking it out and withdrawing it from the jury. There may be cases where the improper evidence may be vital to an issue, and where there is but little left to sustain such issue if the improper evidence is stricken and withdrawn, and the jury, having this evidence in mind, may base their findings in part at least upon such evidence. When such a condition in presented, the trial court may, on motion for a new trial, consider and pass upon it, and its ruling thereon may be reviewed by this court. This record, however, does not present such a case, for the following reasons: Appellant's counsel, on cross-examination, introduced the matter by making inquiry of respondent, when a witness in his own behalf, what, if any, efforts he had made to obtain employment after the injuries, and where, and of whom. Respondent answered these questions, and disclosed that he did not obtain any permanent employment as an engineer, notwithstanding the fact that he had made repeated efforts to do this; that he had ob-

tained some employment as engineer, but had to quit it because he was unable to do the work, or "couldn't stand it," as he put it, on account of his physical condition due to the injuries. Respondent's counsel, upon redirect examination, elicited from respondent, the statements and declarations made by the persons to whom he had applied for employment, all of which were objected to and admitted over appellant's objections, but afterwards stricken from the record and withdrawn from the jury as before stated. Under these circumstances, in view of the character of the evidence, appellant could not have been prejudiced. This is well illustrated in the case of *Hillstad v. Hostetter, supra.* It is extremely doubtful whether, in view of the whole record and the circumstances under which the evidence was elicited, the case could be reversed, although the evidence had not been stricken and withdrawn from the jury.

The only other assignment to be considered is that the court erred in not directing a verdict in favor of appellant as requested by it. In this the court did not err. The questions involved were peculiarly for the jury to pass upon. There is abundant evidence to sustain their findings, and there would have been to sustain a finding for appellant had the jury so found. Where collisions upon a public street occur by street cars colliding with vehicles, it is very rare that the question of negligence can be determined as matter of law. In such case, as we had occasion to remark in *Spiking v. Consolidated Ry. & Power Co.,* 93 Pac. 838, the operatives of street cars must take cognizance of the fact that that portion of the street upon which the street car tracks are laid, is not withdrawn from public use or travel. The public entering upon such tracks are not trespassers, nor mere licensees. They are there as a matter of right, and may remain thereon until a car approaches. The cars have the preferential right of passage, but, in doing so, the operatives of the car must exercise ordinary care for the rights of others. If a collision occurs, therefore, by a car with a vehicle on or near the track, the question of whether either or both parties exercised that degree of care under the particular circumstances which the

law imposes is ordinarily a question of fact to be passed on by the jury. The evidence in this case brings it clearly within the class that required the court to submit it to the jury.

From what has been said, it follows that the judgment should be, and it is, affirmed; respondent to recover costs.

McCARTY, C. J., and STRAUP, J., concur.