## LINDSAY LAND & LIVESTOCK COMPANY, v. SMART LAND & LIVESTOCK COMPANY.

No. 2518.   Decided November 24, 1913.   Rehearing denied
January 12, 1914 (137 Pac. 837).

1. APPEAL AND ERROR—QUESTIONS PRESENTED FOR REVIEW—RECORD. As Utah Comp. Laws 1907, sec. 3197, as amended by Laws 1911, ch. 94, providing what shall constitute the judgment roll, does not include motions to quash the summons and service and to transfer the cause, the rulings of the trial court thereon cannot be considered, where they were not incorporated in the bill of exceptions, although they were improperly included by the clerk in the transcript of the judgment roll.   (Page 557.)

2. APPEAL AND ERROR—REVIEW—PRESUMPTIONS.   It is presumed on appeal that rulings of the trial court are correct, until the contrary is shown by the record.   (Page 557.)

3. APPEAL AND ERROR—REVIEW—HARMLESS ERROR.   Where the trial court improperly received hearsay testimony which was very brief and direct, and becoming convinced of his error ordered it stricken from the record, and directed the jury not to consider it, the improper admission of the evidence was not prejudicial error.[1]   (Page 558.)

4. EVIDENCE — OPINION   EVIDENCE — EXAMINATION   OF   EXPERTS. Hypothetical questions to an expert witness may be based either upon all the facts of the case or upon such facts in evidence which are sufficient in themselves to reflect the examiner's theory of the case, since each party has the right to propound hypothetical questions on his own theory.[2]   (Page 559.)

5. PLEADING—COMPLAINT—SUFFICIENCY.   As Comp. Laws 1907, secs. 60, 61, and 62, giving a right of action for the commingling of diseased animals with those not infected, do not make the right of action dependent upon a willfully commingling, an allegation that defendant willfully and negligently drove his diseased sheep with a herd of plaintiff's alleges more than is necessary, and the allegations of willfulness will be disregarded as surplusage.   (Page 560.)

---

[1] Loofbourow v. Utah L. & Ry. Co., 33 Utah, 480, 94 Pac. 981; Groot v. Railroad, 34 Utah, 152, 96 Pac. 1019.

[2] Palmquist v. Mine & Smelter Supply Co., 25 Utah, 263, 70 Pac. 996.

6. APPEAL ANE ERROR—RECORD—MATTERS INCLUDED. Under Comp. Laws 1907, sec. 3151, providing that all instructions requested or given shall become part of the judgment roll, requests to charge are part of the record, even though not incorporated in the bill of exceptions. (Page 560.)

7. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—SUFFICIENCY. While, in order to properly present for review the action of the court in giving an instruction, the precise language given must be set out in the assignments of error, that is unnecessary where the assignment is based on the refusal of the trial court to charge as requested; it being sufficient to refer to the request refused by number. (Page 561.)

8. APPEAL AND ERROR—PRESENTATION OF GROUNDS FOR REVIEW IN COURT BELOW—NECESSITY. The reason for requiring specific objections in case of complaint of the charge given is to give the trial court an opportunity to correct his error, and, unless such exceptions and objections are made, the error will not be reviewed on appeal.[3] (Page 561.)

9. TRIAL—INSTRUCTIONS—REFUSAL. Where requests to charge were covered by the instructions given, their refusal is not error. (Page 562.)

10. APPEAL AND ERROR—TRIAL—SPECIAL INTERROGATORIES—DISCRETION OF TRIAL COURT. While Comp. Laws 1907, sec. 3163, authorizes the trial court to direct the jury to make special findings upon all or any of the issues, the question whether special findings shall be submitted rests in the sound discretion of the trial court, which will not be disturbed unless abused.[4] (Page 562.)

11. TRIAL—SPECIAL VERDICT—SUBMISSION. In an action for damages for commingling diseased sheep with plaintiff's healthy animals, it was not an abuse of discretion on the part of the trial court to refuse to submit special issues to the jury because there were different items of damages. (Page 563.)

12. APPEAL AND ERROR—REVIEW—HARMLESS ERROR. Where the charge fully protected defendant's rights, the improper inclusion of two immaterial sections of the statute was harmless. (Page 563.)

13. APPEAL AND ERROR—REVIEW—FINDINGS. A verdict will not be disturbed on appeal, where there is substantial evidence in its favor.[5] (Page 564.)

[3] Farnsworth v. Union Pac. Coal Co., 32 Utah, 112, 89 Pac. 74.

[4] Genter v. Conglomorate Min. Co., 23 Utah, 165, 64 Pac. 362; Mangum v. Bullion, Beck & Champion Min. Co., 15 Utah, 534, 50 Pac. 834.

[5] James v. Robertson, 39 Utah, 414, 117 Pac. 1068; Harris v. Laundry Co., 39 Utah, 436, 117 Pac. 700.

APPEAL from District Court, Second District; *Hon. N. J. Harris,* Judge.

Action by Lindsay Land & Livestock Company against the Smart Land and Livestock Company.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*Stewart, Bowman & Morris* for appellant.

*H. H. Henderson* for respondent.

FRICK, J.

In January, 1912, the respondent, a corporation, commenced this action against the Smart Land & Livestock Company, a corporation, and also against one Thomas Smart. The action was commenced to recover damages to respondent's sheep, which, it is alleged, were caused by the defendant's driving their sheep and commingling them with the sheep of respondent after the defendants knew that their sheep were afflicted with a contagious and infectious disease, thereby causing respondent's sheep also to become affected with said disease, by reason of which it was compelled to dip said sheep, after which many died, and that others which did not die depreciated in value to respondent's damage. Respondent also asked to recover the cost and expenses of dipping said sheep. The action was commenced in the district court of Weber County, Utah. The defendants were, however, served with summons in Cache County, while the acts complained of occurred in Box Elder County, this State. After interposing the motions hereinafter mentioned, the defendants answered the complaint, denying the alleged negligence and wrongs, and also set up an affirmative defense not material here. A trial to a jury resulted in a verdict against the defendant Smart Land & Livestock Company only, and it prosecutes this appeal.

Counsel for appellant vigorously insist that the judgment should be reversed and the cause remanded for a new trial for the reason that the district court of Weber County erred in overruling the motion of both defendants to quash the summons and the service thereof, and further **1, 2** erred in refusing to grant their motion to transfer said action to Cache County, the home of said defendants. We cannot review either of the foregoing rulings, because neither of the motions aforesaid, nor the evidence in support thereof, are made a part of the record on appeal. Counsel, in their brief, refer us to certain pages of the "transcript" as containing the motions and evidence in support thereof, and the rulings of the court thereon. By referring to those pages we find that the matters referred to are included with what under our practice, constitutes the judgment roll. Comp. Laws 1907, section 3197, as amended by Laws 1911, p. 136, specifically defines what shall constitute the judgment roll. Neither the objections to the summonses nor to the service thereof, nor the motion to transfer the case are part of the judgment roll, and therefore, in order to bring these matters up for review on appeal, they must be allowed and certified by the trial court. That was not done. By referring to the bill of exceptions, we find that it is composed of 516 typewritten pages and is specifically limited to the "testimony and other evidence adduced   .   .   .   and objections and exceptions of counsel and rulings of the court thereof" produced and made at the trial. The district court certifies to what is contained in those 516 pages and to nothing else. The transcript to which counsel have referred us is composed of eighty-one pages in which are included all of the matters comprising the judgment roll, together with many matters that were inserted by the clerk and which perform and can perform no function whatever, among which latter are included the matters complained of as before stated. From what has been said it follows that under the practice prevailing in this state there is nothing before us from which we can judicially know or determine whether the trial court erred or not with respect to the rulings complained of. The presumption that

the rulings of that court are correct until the contrary is affirmatively made to appear must therefore prevail.

The next assignment relates to the admission in evidence of certain statements of a witness called by respondent. The witness, over appellant's objection and exception, was permitted to state that he received a certain report **3** from his subordinates, who were official sheep inspectors, respecting the diseased condition of appellant's sheep at a certain time and place. The statement of the witness in this regard was very brief and direct. The trial court, after having admitted the evidence, became convinced that he had erred in doing so, and the record discloses that he, on his own motion, advised counsel that after reflection he had concluded that the evidence of the witness relating to the report aforesaid was hearsay, and hence should have been excluded. The court therefore suggested to counsel that, if they desired the statement of the witness stricken from the record, he would grant their request. Appellant's counsel thereupon moved that the testimony of the witness be stricken, which motion was sustained, and the statement of the witness was eliminated from the evidence and the jury were specially instructed not to consider the statement of the witness for any purpose. Counsel for appellant, at the time at least, seemed to be satisfied with this ruling, while counsel for respondent excepted to the action of the court in withdrawing the evidence from the jury. Assuming, for the purposes of this decision, that notwithstanding the granting of the motion to strike the evidence, appellant did not thereby waive or lose its right to insist upon its original objection and exception, yet we think that the matter comes squarely within the rule laid down by this court in the cases of *Loofbourow v. Utah L. & Ry. Co.*, 33 Utah, 480, 94 Pac. 981, and *Groot v. Railroad*, 34 Utah, 152, 96 Pac. 1019, where we held that by striking the evidence and instructing the jury to disregard it the original error, if one was committed, was cured. While we do not wish to be understood as holding that under no circumstances may a party predicate error upon the admission of evidence after it is stricken from the record and the jury are

instructed to disregard it, yet where, as in this case, the evidence stricken is directed to but one particular matter, and is brief, and can easily be segregated and distinguished from all the other evidence, and it is apparent that no prejudice has resulted, the error, if any has been committed in admitting the evidence, may be deemed as cured by striking it, and by instructing the jury to disregard it. In matters of this kind no hard and fast rule can be laid down which shall control in every case. Much depends upon the nature or character of the evidence that is sought to be stricken. The only safe rule to follow is that, if after giving the matter due consideration the court is satisfied that no prejudice resulted from the admission of the evidence which is stricken, the verdict should stand; otherwise not. In view of the whole case, we are clearly of the opinion that in this case no prejudice resulted, and hence the assignment must fail.

It is next contended that the court erred in permitting certain hypothetical questions to be propounded to and answered by an expert witness, upon the ground that the facts detailed in the questions did not sufficiently reflect the evidence. This contention is untenable. We think that under the rulings of this and other courts the question objected to was not objectionable upon the ground stated. The question was sufficient and clearly comes within the rule laid down by this court in *Palmquist v. Mine & Smelter Supply Co.,* 25 Utah, page 263, 70 Pac. 996, where it is said:

"Hypothetical questions to an expert witness may be framed either upon all the facts in the case or upon any part of the facts assumed to be true which is sufficient in itself."

That is, the party producing the expert and propounding the question may do so upon his own theory of the case, and so long as he sufficiently reflects the evidence which goes to establish his theory, the question is not objectionable upon the ground that all the evidence in the case is not reflected in the question. See cases cited in the Palmquist Case, *supra.*

It is further asserted that the court erred in omitting the word "willfully" from its instruction in charging the jury with respect to appellant's acts in permitting its infected sheep to commingle with those of respondent, which were claimed not to have been infected. The contention is based entirely upon the fact that in framing the complaint the pleader alleged that the appellant, after it knew its sheep were afflicted with a contagious and infectious disease, had "willfully and negligently" driven them among those of the respondent, and had thereby caused the latter sheep to become infected with the disease aforesaid. Under our statute (Comp. Laws 1907, sections 60, 61, and 62) it was not necessary to allege or prove that the diseased sheep were willfully intermingled with others, but it was sufficient if such intermingling were done or permitted after the person who is charged with the wrong knew that his sheep were "afflicted with a contagious or infectious disease." The case, therefore, is one where the complaint alleged more than the plaintiff was required to prove in order to recover. This is often the case, and where, as in the case at bar, the allegation does not relate to a matter of description, that is, to matters of identity, but refers to matters of substance, it is not necessary to prove more than the law requires, although more is alleged. This is elementary doctrine, and needs no citation of authorities. The court, therefore, did not err in omitting the word "willfully" from the charge.

It is next contended that the court erred in refusing certain of appellant's requests to charge. Counsel for respondent, however, insists that we cannot review the alleged errors, for the reason that the several requests are not properly presented for review. In this connection counsel for respondent contends that the requests are not properly made a part of the record on appeal, but if they are, that the exceptions are nevertheless insufficient. These contentions are not tenable. Under our statute (Comp. Laws 1907, section 3151) "all instructions requested or given . . . become a part of the judgment roll." The requests to charge are therefore properly in the record.

In order to dispel some apparent confusion which seems to exist in the minds of some attorneys, we shall once for all state here that, in presenting to this court an exception to the refusal of the trial court to charge as requested, it is not necessary to do more than to refer to the re-     **7, 8** quest refused by number, or by clearly identifying it in some other way. It is not necessary to set forth the request at large in the exceptions or assignments of error as contended for by counsel for respondent, but this may be done in the printed abstract or in counsel's brief. While it is true that in order to properly present to this court for review an instruction given by the court, which is claimed to be erroneous, it is ordinarily necessary to set forth the precise language of the charge that is claimed to be erroneous, yet such is not the case where an exception is taken to a refusal to charge as requested. The reason for the rule is obvious. When the trial court charges the jury, any defect or omission or misstatement of the law should be clearly pointed out to that court, so that it may be corrected before the jury has passed on the case. Where it is contended, therefore, that only a portion of a paragraph is faulty, the particular portion must be pointed out in the trial court by the party excepting, so that the court may know just what is excepted to. If this be not done, the trial court has no means of knowing to what point or matter or thing the exception is directed, and hence is unable to supply an omission or to correct an incorrect statement of the law. The rule is intended to aid the trial courts in correcting erroneous statements of the law, and in supplying omissions in instructions, and if strictly enforced will tend to correct many errors that otherwise would go undetected. See *Farnsworth v. Union Pac. Coal Co.,* 32 Utah 112, 89 Pac. 74. Of course where the whole charge is bad, or where the whole of the paragraph excepted' to is erroneous, an exception to the whole is sufficient. Where, however, the exception goes to a whole paragraph, or to the charge as a whole, the exception cannot be reviewed, unless the whole paragraph or the charge as a whole, as the case may be, is

43 Utah—36

bad. In making a request, however, the trial court has the whole request before it for inspection and unless it is good as a whole the court may reject it with impunity. If it is rejected, all that is necessary to do by the party who makes the request is to note his exception and file the request with the clerk, and thus make it a part of the judgment roll as provided in the statute. This was done in this case and hence the requests are properly before us for review.

We have carefully read all the requests and have compared them with the court's charge, and after doing so we are convinced that the appellant has no cause for complaint. The requests were quite numerous, and the trial court in some instances incorporated them in full and in other instances merely incorporated the substance thereof in its charge. The appellant, however, received the full benefit of its requests whenever they were proper. We have also carefully examined into and considered appellant's exceptions to the charge of the court as given. The charge is exceptionally full for a case of this kind, and in view that the court adopted the requests from both sides the charge is quite long and contains some unnecessary repetitions. The charge as a whole is, however, as fair to appellant as it well could be made. We refrain from setting forth any portion of the charge, because to do so would extend this opinion beyond proper limits, and could subserve no good purpose either in this or any other case.

It is also contended that the court erred in refusing to submit to the jury certain special findings requested by appellant. While it is true that under our statute, Comp. Laws 1907, section 3163, the trial court may direct a jury to make special findings upon "all or any of the issues," yet whether or not special findings should be submitted to the jury in any given case is, under our decisions, a matter left to the sound discretion of the trial court. (*Genter v. Conglomorate M. Co.,* 23 Utah, 165, 64 Pac. 362; *Mangum v. Bullion-Beck M. Co.,* 15 Utah, 534, 50 Pac. 834.) It may be that a trial court, under certain circumstances, may abuse the discretion vested in it in refusing to sub-

mit special findings, but unless it is made to appear that such discretion has been abused, we are not authorized to review the action of the trial court with respect to the submission or the refusal to submit special findings.

It is argued in this case that, inasmuch as respondent sought to recover damages for loss of sheep by death, for damages sustained in dipping the sheep, and also for the depreciation of the value of those sheep which did not die, therefore appellant was entitled to know just how much the jury allowed for each one of the foregoing elements of damages. In cases where several elements of damages are involved, it no doubt would sometimes be of interest to the losing party, at least, to know just how much he is required to pay for each separate element. While this may be so, it does not follow that he is legally prejudiced if he is not judically informed with regard to that matter. If, for instance, in this case we should hold that the refusal to submit to the jury the special findings requested constitutes prejudicial error, then it unavoidably follows that in every case where there are a number of items or elements of damages a refusal to direct the jury to specially find upon each one would constitute error. The foregoing statement, without more clearly demonstrates that the matter is one that should be left to the sound discretion of the trial court. Nothing is made to appear in this case from which we can determine whether the trial court abused its discretion or not.

Error is also assigned because the court copied two sections of our statute in its charge to the jury. It is contended that the sections copied were not applicable. Although this be conceded, yet we cannot see wherein appellant was harmed. Quite independent of these sections the court, as we have already remarked, very fairly and fully charged the jury upon all questions of law arising in the case. It is quite clear that the appellant could not have been prejudiced by reason of what the court did in copying said sections into the charge.

Finally it is contended that the evidence is insufficient to sustain the findings of the jury. We cannot yield assent to this contention. While it may be that upon one or two phases of the case we might perhaps have arrived at a conclusion other than the one reached by the jury, yet there is ample evidence in support of each essential fact found in favor of respondent. The most that can be said is that the evidence is in sharp conflict on some essential matters, and that perhaps in the judgment of some, if appellant's witnesses were believed, the weight of the evidence is contrary to some of the findings. This, however, does not authorize us to interfere with the verdict. Where there is some substantial evidence in support of every essential finding, this court is powerless and cannot interfere. This rule has become elementary in this jurisdiction. For very recent cases, see *James v. Robertson,* 39 Utah, 414, 117 Pac. 1068, and *Harris v. Laundry Co.,* 39 Utah, 436, 117 Pac. 700.

After a careful scrutiny of the entire record we are constrained to hold that the trial court committed no reversible error. The judgment is therefore affirmed, with costs to respondent.

McCARTY, C. J., and STRAUP, J., concur.