# JOHN H. STRASSER v. H. N. STABECK.[1]

July 29, 1910.

Nos. 16,680—(195).

**Unofficial maps and photographs admissible in evidence, when.**

Unofficial maps, plats, and photographs are admissible in evidence, when verified by the testimony of witnesses having personal knowledge as to their correctness. If there be competent evidence fairly tending to establish such verification, the question of its sufficiency is one addressed to the discretion of the trial judge; but, if there be no such evidence, it is error to receive such documents in evidence.

**Plat inadmissible.**

It was error to receive in evidence in this case an unverified plat representing the exact location of moving objects in the street at the precise time the plaintiff was struck by defendant's automobile.

[1]Reported in 127 N. W. 384.

[Note] Use of photographs in evidence, see note in 35 L.R.A. 802, and note in 15 L.R.A.(N.S.) 1162.

Action in the district court for Hennepin county to recover $10,-900, for personal injuries sustained because of defendant's negligence in operating his automobile. The substance of the complaint and answer. is stated in the opinion. The reply was a general denial. The case was tried before Holt, J., and a jury which returned a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Reversed and new trial granted.

*C. H. Rossman,* for appellant.
*W. A. McDowell,* for respondent.

START, C. J.

Appeal by the plaintiff from an order of the district court of the county of Hennepin denying his motion for a new trial after a verdict for the defendant in this a personal injury action. The complaint alleged that on November 7, 1908, at Eleventh street and Hennepin avenue in the city of Minneapolis, as the plaintiff was about to board a street car, he was struck and injured by the defendant's automobile, which was there negligently driven upon him. The answer denied any negligence on the part of the defendant, and alleged the contributory negligence of the plaintiff.

The evidence shows, without substantial conflict, that at the time and place of the accident a street car turned into Hennepin avenue going easterly, and when it reached the Eleventh street crossing it stopped to discharge passengers; that, when the car stopped, a large, heavy wagon or van, with a load, some twelve feet long, eight feet wide, and eight feet high above the rack on the van, was in Hennepin avenue, going in the same direction as the car, and approaching the rear end of the street car on the right-hand side; that plaintiff came out of a drug store at the intersection of the two streets, and gave the car conductor a signal that he desired to board the car; that he left the sidewalk on Hennepin avenue, passed in front of the approaching van, and when in the space between the wagon and street car he was run into by defendant's automobile, which was going in the same direction as the car and van, and was passing both. The evidence, however, was conflicting as to the rate of speed

of the automobile and the precise position of the van and the plain-tiff in the street at the exact time he was struck. These questions were material, and the trial court fairly submitted them to the jury.

There was evidence on the part, of the plaintiff tending to show that, when he was hit by the automobile, he was just past the head of the team attached to the van, and about opposite the gates of the car toward which he was going. The defendant offered in evidence a plat drawn to a scale purporting on its face to be an exact representation or picture of the locus in quo, including the exact position of the movable objects in the street—that is, the van, the automobile, and the street car—at the precise time of the collision. The plat was received in evidence over the objection and exception of the plaintiff, and the ruling is here assigned as error.

The rule governing the admission in evidence of an unofficial map, plat, model, or photograph is well settled. They are admitted, when properly verified, to illustrate or express the testimony of a competent witness, but are not original evidence. State v. Shevlin-Carpenter Co., 66 Minn. 217, 68 N. W. 973; Hall v. Connecticut Mutual Life Ins. Co., 76 Minn. 401, 79 N. W. 497; Stewart v. St. Paul City Ry. Co., 78 Minn. 110, 80 N. W. 855. "The use of maps * * * as testimony to the objects represented rests fundamentally on the theory that they are the pictorial communications of a qualified witness, who uses this method of communication, instead of or in addition to some other method. It follows, then, that the map * * * must first, to be admissible, be made a part of some qualified person's testimony. Some one must stand forth as its testimonial sponsor; in other words, it must be verified." 1 Wigmore, Ev. § 793. Where, in such cases, there is evidence fairly tending to establish such verification, the sufficiency of the evidence is a question addressed to the discretion of the trial judge, and his decision will not be reversed, except for an abuse of the discretion.

The plat here in question was made by an architect, who was not present at the time of the accident, and necessarily he had no personal knowledge of the position of the plaintiff, the van, the automobile, or the car in the street at the precise time of the accident. Upon the plat there were pictures representing the car, automobile, and

the van, which were so placed on the plat that the heads of the horses attached to the van and the front end of the automobile were flush with a line, if drawn at right angles from the center of the car to the opposite side of the street, and the place where it was claimed the plaintiff was struck was indicated by a cross mark on such line and in front of the automobile. The plat was labeled in large letters, "Diagram at Time of Accident."

The prejudicial character of this plat as evidence, if it was not duly verified, is obvious; for it indicates on its face that the plaintiff was going along a line at right angles to the center of the street car, the rear end of which was located on the plat some eighteen feet, according to the scale, from the crossing. The position of the movable objects in the street, as indicated on the plat, tended to contradict the evidence on behalf of the plaintiff, and tended to show contributory negligence on his part. No witness, who was present at the time of the accident and saw it, testified that the plat was a correct representation of the position in the street of the plaintiff, the street car, the automobile, and the van, or, in other words, there was no competent evidence to verify the plat.

Counsel for the respondent suggests that the plat was received by the court "with the apparent understanding that all elements necessary to make it admissible would be supplied," and that it was plaintiff's duty to move to have the plat stricken out if the evidence was not supplied. The record does not support the suggested claim, for the only possible claim for it was the following statement of the trial judge: "Q. How far is it from the crossing to the front end of what you indicate there as a touring car? Mr. Long: Objected to, because he doesn't know where this touring car was, or where the team was and is incompetent, irrelevant, and immaterial. The Court: Oh, well, that will be given by other testimony, I suppose. Objection overruled. * * * Q. What particular car did you measure? A. I don't remember. Mr. Long: I object to it, then, unless he measured this particular car. The Court: Well, unless that is supplemented by other testimony; they are all the same size, I think." It is clear that the remarks of the trial judge did not refer to the plat, for that was already in evidence; but, were it otherwise, the error in

receiving the plat in evidence was of a character that the error could not be cured by striking out the plat at the close of the evidence. It follows that the admission in evidence of the plat was reversible error, for which there must be a new trial.

Error is also assigned as to certain portions of the charge of the court to the jury, for the reason that they assumed a state of facts to be true as to which the evidence was conflicting. If there was any error in the charge, it was inadvertently made, and as it is not probable that it will be repeated on the new trial it is unnecessary to further consider the matter.

Order reversed and a new trial granted.