# DAVID T. EVANS v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY AND OTHERS.[1]

June 16, 1916.

Nos. 19,841—(205).

**Carrier — injury to passenger — damages not affected by accident insurance.**

1. In an action by a passenger against a carrier for personal injuries, it is error to receive evidence that he carried accident insurance and realized thereon for his injuries to diminish or defeat a recovery.

**New trial granted because of prejudicial evidence.**

2. When such evidence is stricken by the court on its own motion and the jury directed to disregard it, the error is ordinarily cured, the presumption being that prejudice did not result; but, when it appears that prejudice resulted, the error is not cured and a new trial should be granted; and in this case it is *held* that prejudice resulted.

**Hand of plaintiff not admissible evidence.**

3. The court correctly refused to receive in evidence the amputated hand of the plaintiff.

Action in the district court for Hennepin county against defendant corporation, Edward L. Lampman and Michael G. Davy, to recover $22,400 for personal injury received while a passenger upon defendant's train. The answer alleged that the injury to plaintiff was caused by his want of due care. The case was tried before Steele, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*A. D. Evans* and *Mead & Bryngelson,* for appellant.

*F. W. Root* and *Nelson J. Wilcox,* for respondent.

[1]Reported in 158 N. W. 335.

---

Note.—As to effect of receipt of accident insurance money to mitigate damages for personal injuries, see note in 67 L.R.A. 87.

DIBELL, C.

Action for personal injuries. Verdict for the defendant. Appeal by the plaintiff from an order denying his motion for a new trial.

1. The plaintiff was a passenger on a night train of the defendant from Minneapolis to Owatonna. He claims that as he was on the platform passing from the smoker to another coach, just as the train was leaving Minnehaha Falls, he slipped and fell down the steps, and, in trying to save himself, was thrown under the coach. His hand was crushed. Afterwards it was amputated at the wrist. The evidence was such as to sustain a verdict in his favor.

On the cross-examination of the plaintiff, the defendant was permitted to show, over his objection, that he had received $5,000 on policies of accident insurance covering his injury. The purpose was to reduce or defeat his recovery, upon the theory that the larger the amount he received from insurance the less was the loss for which he could recover of the defendant. The receipt by one injured through the negligence of another of the proceeds of accident policies does not defeat nor diminish his recovery of the tort feasor. The principle is illustrated where death results from an injury, the deceased having a life policy, and where property is damaged, the owner having a fire policy. The holdings are not uncertain and the cases are of ample number. See 15 Cent. Dig. Damages, § 113; 7 Dec. Dig. Damages, § 64; 15 Cent. Dig. Death, § 101; 7 Dec. Dig. Death, § 91; 3 Sedgwick, Damages (9th ed.) § 860; 1 Sutherland, Damages (3d ed.) § 158; 3 Hutchinson, Carriers (3d ed.) § 1423; 8 Am. & Eng. Enc. 690; 13 Cyc. 70. The court was in error in receiving the testimony.

2. After the plaintiff had rested and the defendant had opened to the jury the court, deeming the testimony erroneously admitted, of its own motion struck it out and directed the jury to disregard it. Ordinarily such action of the court cures the error, the presumption being that prejudice did not result. Hillestad v. Hostetter, 46 Minn. 393, 49 N. W. 192; Town of Wells v. Sullivan, 125 Minn. 353, 147 N. W. 244; 2 Dunnell, Minn. Dig. §§ 7206-7207. But, if the testimony is of a character naturally affecting the feelings or sympathies or bias of the jury and it appears that prejudice resulted, the error is not cured. State v. Yates, 99 Minn. 461, 109 N. W. 1070; Strasser v. Stabeck, 112 Minn. 90, 127 N. W. 384; Salo v. Duluth & Iron Range R. Co. 121 Minn. 78, 140 N.

W. 188. The existence of accident insurance was prominently before the jury until after the plaintiff had rested. Its importance was emphasized. The bearing of it upon the ultimate issue was suggested by the court and by counsel. The question of its admissibility was sharply contested before the jury for a considerable time. The defendant considered proof of it of great value to its case. The plaintiff considered proof of it very detrimental to him. The jury saw it all. An attentive consideration of the evidence brings us to the definite conclusion that the plaintiff was so substantially prejudiced by the testimony, though it was stricken and the jury directed to disregard it, that a new trial should be granted.

3. The amputated hand of the plaintiff was preserved. It was offered in evidence for the purpose of showing damages and pain and suffering. It was offered upon no other issue. The court did not err in excluding it. Indeed it is so clear that it had no proper place in evidence that we disapprove of the conduct of counsel in making the offer.

In view of a new trial it is proper to add that we make no holding upon the admissibility of evidence that there was insurance, or the fact of a settlement or compromise of it, or the admissions made at the time, if material to the issues. Such a question is not here, for the plaintiff's objection to the defendant's offer of proof bearing upon some of these matters was sustained, and the defendant is not the appellant. The evidence erroneously received was inadmissible upon the issue to which it was directed.

Order reversed.