## STATE EX REL. CITY OF DULUTH v. DISTRICT COURT OF ST. LOUIS COUNTY AND ANOTHER.[1]

### July 7, 1916.

### Nos. 19,936—(262).

**Workmen's Compensation Act — member of fire department within act.**

1. A fireman of the city of Duluth was killed while in the performance of his duty. His dependents are entitled to recover under the Workmen's Compensation Act.

**Same — membership in relief association immaterial.**

2. The fact that deceased was a member of the Duluth Firemen's Relief Association and that his dependents draw benefits therefrom, does not bar recovery of compensation nor reduce the amount thereof.

Upon the relation of the city of Duluth this court granted its writ of *certiorari* to review the judgment of the district court for St. Louis county, Dancer, J., in proceedings under the Workmen's Compensation Act

[1] Reported in 158 N. W. 792.

Note.—As to who are employees within meaning of workmen's compensation act, see note in L.R.A. 1916A, 246.

brought by Dorothea S. P. Granzow, wife of decedent employee, against the city of Duluth, employer.    Affirmed.

*John E. Samuelson* and *Leonard McHugh,* for relator.

*Abbott, McPherran, Lewis & Gilbert,* for respondents.

HALLAM, J.

1. Frederick E. Granzow, an assistant chief of the fire department of the city of Duluth, was killed while in the discharge of his duty.    His widow and ten-year-old daughter commenced proceedings to recover under the compensation act (G. S. 1913, §§ 8195-8231).    This case involves the question whether a member of the Duluth fire department is an employee within the meaning of the Workmen's Compensation Act. We hold that he is, for the same reason which induced us to hold in State v. District Court of St. Louis County, supra, page 26, 158 N. W. 790, that police officers of the city are within the act.

2. One other question is raised here as follows: Deceased was a member of the Duluth Firemen's Relief Association, a voluntary relief association organized to provide for the relief of sick or injured members, and the widows and orphans of deceased members.    The association receives its money from three sources: (1) From a tax of one-tenth of one mill; (2) from a portion of the insurance premiums collected in Duluth, which are required by law to be paid to the association, and (3) from the voluntary contributions of its members.    Membership in the association is optional with firemen.    Only those who are members and who contribute are entitled to benefits for themselves or their families.    The widow and daughter now draw benefits from the association.

The receipt of funds from the association does not bar them from receiving benefits under the compensation act, nor does it reduce the amount thereof.    The act does not so provide, either expressly or by implication.

The source of revenue of the Relief Association, so far as it depends on the bounty of the state, may be withdrawn at any time.    Gibbs v. Minneapolis Fire Dept. Relief Assn. 125 Minn. 174, 145 N. W. 1075. So far as it depends on contributions made by the members, it is something the member has purchased for himself with his own funds, and is akin to life and benefit insurance.    It is well settled, in death by wrong-

ful act cases, that the fact that the deceased had life insurance does not diminish the amount of damages which his widow and next of kin may recover. 4 Sutherland, Damages (3d ed.) § 1265; Evans v. Chicago, M. & St. P. Ry. Co. 133 Minn. 293, 158 N. W. 335; Nashville, C. & St. L. Ry. Co. v Miller, 120 Ga. 453-455, 47 S. E. 959, 67 L.R.A. 87, 1 Ann. Cas. 210. This is on the principle that where one through his own providence has purchased and maintained insurance on his life, the proceeds thereof should inure to his beneficiaries and not to the one who has caused his death. A similar principle is applicable here. True, under the compensation act there may be recovery, though the death of the employee was not caused by any wrongful act of the employer. At the same time, we are of the opinion that the fireman who joins and contributes to the funds of this association should be held to have purchased the protection which the association affords, for the benefit of himself and his family, and not for the benefit of his employer. See Nichols's Case, 217 Mass. 3, 104 N. E. 566, Ann. Cas. 1915 C, 862.

Affirmed.