## CHARLES D. WENTWORTH v. J. W. BUTLER.[1]

November 10, 1916.

Nos. 19,931—(72).

**Automobile — negligence in driving — questions for jury.**

1. In an action to recover for injuries sustained by the plaintiff in a collision with the defendant's auto it is *held* that the questions of the negligence of the defendant and of the plaintiff were for the jury.

**Damages not excessive.**

2. The verdict was not excessive.

**Evidence of collateral facts — discretion of court not abused.**

3. Though evidence that the plaintiff carried accident insurance, offered in connection with proof that he was feigning his injuries, and for the purpose of showing a motive for feigning and his interest in doing so, is competent, a measure of discretion in receiving or rejecting it rests with the trial court, and its rejection in this case is *held* not reversible error.

Action in the district court for Ramsey county to recover $16,500 for injury received in a collision with an automobile belonging to defendant. The case was tried before Brill, J., and a jury which returned a verdict for $750. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Lancaster, Simpson & Purdy* and *Harold G. Simpson,* for appellant.
*Thomas C. Daggett,* for respondent.

Dibell, C.

Action to recover for injuries sustained by the plaintiff in a collision with the defendant's automobile. There was a verdict for the plaintiff. The defendant appeals from the order denying his motion for a new trial.

[1] Reported in 159 N. W. 828.

Note.—For authorities passing on the question of excessiveness of verdict for personal injuries other than death, see comprehensive note in L.R.A. 1915F, 30.

1. The plaintiff, riding a bicycle, came into collision with the auto of the defendant at the intersection of Sixth and Cedar streets in St. Paul. The testimony as to the circumstances of the accident was conflicting. The questions of the negligence of the defendant and of the plaintiff were submitted to the jury under appropriate instructions. They were questions of fact. We cannot say that the evidence does not sustain the findings of the jury.

2. The verdict was for $750. The defendant claims that it is excessive. The plaintiff was 39 years of age and was receiving good wages. His injury is not permanent. If his testimony is taken to be true he was substantially prevented from doing profitable work for something like five months. If so the verdict not much more than compensates for lost time. There was evidence that he feigned his injuries. This was the testimony of expert physicians. Their opinion was not binding upon the jury. From all the evidence it could find that his injuries were substantially as the plaintiff claimed them to be. The verdict is not excessive.

3. As bearing upon the contention that the plaintiff was feigning, the defendant offered to show by him that he had accident insurance at the time and made a claim of disability and received payments under the policy. The purpose of the testimony was not to reduce damages by showing that the plaintiff profited by accident insurance. For such purpose it was not competent. Evans v. Chicago, M. & St. P. Ry. Co. 133 Minn. 293, 158 N. W. 335; State v. District Court of St. Louis County, 134 Minn. 28, 158 N. W. 791. The purpose as announced by counsel was to show the interest of the plaintiff and his motive for the feigning of which there was at the time evidence. We are of the opinion that this evidence might have been received. The fact that the plaintiff would gain by the verdict was of course proper to be considered by the jury when passing upon his claim as to the extent of his injuries. In about the same way the fact that he would gain from accident insurance might be considered in connection with evidence that he was feigning. This evidence was of a collateral fact. It had nothing to do with the issues except as it supported the defendant's contention of feigning. It was not otherwise relevant. Evidence as to collateral facts tends to confuse the jury, to surprise the adverse party, and to protract the trial. Considerations of this character have induced the rule that considerable dis-

cretion in receiving or rejecting testimony as to collateral facts rests with the trial court. 1 Dunnell, Minn. Dig. § 3252, and Dunnell, Minn. Dig. 1916 Supp. § 3252, and cases cited. The proposed evidence was not of great probative effect—was of no value except as it supported the defendant's claim of feigning and through it bore upon the extent of injury. We are of the opinion that there was no reversible error in excluding it.

We are cited to Congdon v. Howe Scale Co. 66 Vt. 255, 29 Atl. 253. It was there held that a plaintiff testifying as to the extent of his injuries might be questioned on cross-examination as to accident insurance held by him and payments received on account of it. The ruling was put upon the ground that it is proper to show upon cross-examination the interest, motive, inclination and prejudice of a witness. It was not held that its rejection would be error.

Order affirmed.