## JOHN J. MARKLEY v. CITY OF ST. PAUL.[1]

### May 9, 1919.

### No. 21,197.

**City of St. Paul — compensation for injured fireman.**

The Workmen's Compensation Act does not repeal by implication section 52 of the charter of the City of St. Paul, providing compensation for a fireman injured in the course of his employment.

Action in the district court for Ramsey county to recover $120, wages for the month of February, 1918, while incapacitated from performing duties as fireman. Defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, Hanft, J. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*O. H. O'Neill* and *James D. Swan,* for appellant.

*Tom J. McGrath,* for respondent.

QUINN, J.

Plaintiff, a fireman employed by the city of St. Paul, while so engaged, was, on October 4, 1917, injured and rendered incapable of performing his duties, and remained so incapacitated to the time of the bringing of this action. The city paid a sum equal to his monthly wage from the time of his injury to February, 1918, and refused to make further payments, claiming that the amount which he was entitled to receive should be determined under the Workmen's Compensation Act. It is contended on behalf of the plaintiff that he is entitled to full pay for the first six months of his incapacity, under the city charter, and accordingly he brought this action to recover the amount of his salary for February, 1918. Defendant interposed a general demurrer to the complaint which was overruled. Defendant did not answer and the plaintiff took judgment for the amount demanded. Defendant appealed from the judgment.

[1] Reported in 172 N. W. 215.

The city charter was adopted by the voters of St. Paul as a home rule charter in May, 1912, section 52 of which is as follows:

Sec. 52.   All firemen or police officers, injured in actual service and thereby rendered incapable of performing his duty, shall receive full pay during the period of incapacity not exceeding six months, and if incapacitated for a further period, one-half pay, not exceeding an additional period of six months.   Such injured fireman or police officer shall be entitled to reinstatement at any time within eighteen months from the date of injury or incapacity, if physically capable of resuming his duties.

The Workmen's Compensation Act was subsequently enacted and took effect October 1, 1913.   The only question presented is, whether this statute repealed section 52 of the charter.   If the plaintiff is entitled to receive compensation for his injury under the charter then the judgment is correct; otherwise not.

That a member of a fire department is an employee within the meaning of the Workmen's Compensation Act was settled in State v. District Court of St. Louis County, 134 Minn. 28, 158 N. W. 791, Ann. Cas. 1918B, 635.   We are of the opinion that section 52 of the charter remains in force notwithstanding the compensation act passed subsequently thereto.

Our Constitution as amended in 1898 authorizes cities to frame their own charters which must be consistent with and subject to the laws of the state.   Section 36, art. 4.   The statute enacted to make the foregoing constitutional amendment operative and under which the charter in question was amended is section 1345, G. S. 1913, which provides in part as follows:

"Subject to the limitations in this chapter provided, it (the charter) may provide for any scheme of municipal government not inconsistent with the Constitution, and may provide for the establishment and administration of all departments of a city government and for the regulation of local municipal functions as fully as the legislature might have done before the adoption of sec. 33, art. 4, of the Constitution."

The power thus given embraces any subject appropriate to the orderly conduct of municipal affairs.   State v. O'Connor, 81 Minn. 79, 83 N. W. 498;   State v. District Court of St. Louis County, 90 Minn. 457, 97 N. W. 132;   State v. District Court of Ramsey County, 87 Minn. 146,

91 N. W. 300; Grant v. Berrisford, 94 Minn. 45, 101 N. W. 940, 1133; State v. Robinson, 101 Minn. 277, 112 N. W. 269, 20 L.R.A.(N.S.) 1127; Park v. City of Duluth, 134 Minn. 296, 159 N. W. 627; Schigley v. City of Waseca, 106 Minn. 94, 118 N. W. 259, 19 L.R.A.(N.S.) 689, 16 Ann. Cas. 169; Hjelm v. City of St. Cloud, 129 Minn. 240, 152 N. W. 408.

The theory of the compensation act includes the idea that the wage earner ought not to be required to bear the whole result of a personal injury arising out of and in the course of his employment, and that the community ought to share in the loss. The carrying of this theory into practical effect, the subject of which is one of public policy, must necessarily be committed to the legislature for governmental control. But such provision will not prevent a city operating under a home rule charter from providing additional compensation to a fireman injured in the course of his employment. Nor is a charter so providing inconsistent with the object of the compensation act. It follows that section 52 of the charter in question was not repealed but remains in force. If the city wishes to avoid the provisions of the same, it must do so by a repeal of the section in question by proper authority.

Affirmed.