## ALFRED HOLMQUIST v. CURTIS LUMBER AND MILL WORK COMPANY AND ANOTHER.[1]

November 21, 1919.

No. 21,393.

**Facts.**

1. Plaintiff, while in the employ of one of defendants, was injured by the negligence of a third party. The injury was one for which his employer was liable to make compensation under the compensation act, but plaintiff sued the third party, and recovered in settlement more than the compensation allowed by the compensation act. Plaintiff also held a benefit certificate issued by defendants' benefit department, and now sues for benefits under that certificate.

**Workmen's Compensation Act — no liability under defendants' benefit certificate.**

2. Plaintiff's contract with defendants' benefit department entitled him to benefits in event of death or disability, for which compensation or damages are not required by law to be paid by his employer. This being a case in which liability of the employer arose under the compensation act, liability under the benefit certificate does not arise.

**Same — payment of damages by third party.**

3. The fact that the payment of damages by the railroad company discharged the liability of the employer does not give rise to liability under the benefit certificate.

Action in the district court for Hennepin county to recover $849.28 upon a benefit certificate issued by defendants' benefit department. The case was tried before Fish, J., who made findings and ordered judgment in favor of plaintiff for $800. Defendants' motion to amend the findings of fact and conclusions of law and their motion for a new trial was denied. From the order denying their motion for a new trial, defendants appealed. Reversed.

*George T. Simpson, John F. Dahl* and *H. V. Mercer,* for appellants.
*John M. Nelson* and *T. J. Stevenson,* for respondent.

[1] Reported in 175 N. W. 103.

HALLAM, J.

1. Plaintiff, while in the employ of defendant, Curtis-Yale-Howard Company, was injured by the negligence of the Omaha Railway Company. The injury was one for which his employer was liable to make compensation under the compensation act. Plaintiff sued the railway company, and, by compromise, secured in settlement of his claim, $4,750, which was more than the compensation for which his employer was liable under the compensation act. He now brings this action to recover under a benefit certificate issued to him by the benefit department of the defendant Curtis Lumber and Mill Work Company, of which the Curtis-Yale-Howard Company is a subsidiary. The trial court commenced the trial with a jury. At the close of the testimony, the court, observing that the case presented only questions of law, discharged the jury, and later directed judgment for plaintiff. Defendant appeals.

Plaintiff's claim is contractual and his right to recover naturally depends on the terms of his contract. The trial court remarked that the decision gave plaintiff double reimbursement for his injury, and that this was a "bit unfair," but considered that the contract called for insurance and contemplated double compensation in such a case as this. Plaintiff paid the dues required by his contract and is entitled to all that his contract allows. If it is a contract of insurance, plaintiff is entitled to the amount claimed, State v. District Court of St. Louis County, 134 Minn. 28, 158 N. W. 791, Ann. Cas. 1918B, 635, and his demand is not a "bit unfair." On the other hand, the fact that he has paid for benefits in defendants' benefit department does not entitle him to any benefits other than those for which his contract provides.

2. Defendants' benefit department and the rights of its members, including plaintiff, are governed by certain "rules and regulations" which are part of the contract between the parties. These rules and regulations contain the following provisions:

Article II provides: "The objects of this department are to provide for the payment of benefits upon the death or disability of a contributing employee in all cases in which compensation or damages are not payable by the signatory company employing him."

Article VIII, section 1, provides: "The benefits of membership in this department in event of death or disability to compensate for which

no payment is required by law to be made or is in fact made by any signatory company shall be," and then follow provisions for benefits allowed for death and various forms of disability.

Article X, section 5, provides: "No benefit shall in any case be payable for death or disability for which the employee or his dependents or next of kin shall make claim against any signatory company to compensation, indemnity or damages or receive any sum from a signatory company, or on its behalf, or from any company, association, or fund insuring or securing such payment, as or on account of compensation, indemnity or damages for such death or disability."

Plaintiff and defendants are subject to the Workmen's Compensation Act. The benefit department was organized, and its rules and regulations adopted, after the compensation law had been passed and before it went into effect. The operation of the department under the compensation act was contemplated and the use of the term "compensation" in the sections above quoted no doubt has reference to the compensation provided by the statute.

The language of article II, and of section 1, article VIII, seems to us decisive of this case. The former section explicitly states the object of the department to be the payment of benefits in "cases in which compensation or damages are not payable by the signatory company," and the latter section provides that benefits shall be paid to compensate for death or disability "for which no payment is required by law to be made * * * by any signatory company." Nowhere is there any provision for payment of benefits in any case where the employer is liable, either to common law damages or to statutory compensation. In other words, the plan is not one of absolute insurance, but one providing for cases in which the law does not provide for damages or compensation to be made by the employer, such, for example, as injuries received without negligence and not received in the course of employment or arising out of it. The injury received by plaintiff being one for which his employer was required by law to make compensation, the case seems clearly excluded from the contract with the benefit department.

The only difficulty in the case arises from the fact that the injury was caused by the negligence of a third party, namely, the railway company, and that plaintiff received damages from the railway company in excess

of the compensation defendant employer was required by law to pay, and that under section 8229 this payment by the railway company relieved defendant employer of its liability to pay the compensation it would otherwise have been required to pay. We are of the opinion that these facts do not give rise to liability under the contract with the benefit department.

As soon as the injury had occurred, there arose an obligation on the part of defendant to make compensation under the Compensation Act. Compensation was "payable," payment was "required by law to be made," and from that fact it followed that there was no claim to benefits under defendants' benefit department. Under section 8229 it was optional with plaintiff to assert his claim against the employer defendant or against the railway company, and he chose to pursue the railway company. But his pursuit of the railway company did not create any new right against the defendants or their benefit department. It simply operated to discharge the liability of the employer defendant under the compensation statute. In our opinion the injury received by plaintiff was one for which defendant employer was required by law to pay compensation, as those words are used in the provisions of the rules and regulations above quoted and that no claim existed against the benefit department on account thereof.

Reversed.