ANTHONY SEGALE v. ST. PAUL CITY RAILWAY COMPANY.[1]

January 7, 1921.

No. 22,090.

**Workmen's Compensation Act — application to policemen and firemen of St. Paul.**

1. The Workmen's Compensation Act, in the form in which it was enacted, applied to policemen and firemen in the service of the city of St. Paul, and so remained until the passage of chapter 176, Laws 1919.

**Same — charter relief in case of injury creates no exception.**

2. The presence, at the time of the enactment of that law, of provisions in the charter of the city of St. Paul for the relief of injured policemen and firemen furnishes no sufficient basis for an inference that the legislature intended to exclude the employees of St. Paul from the compensation act. Markley v. City of St. Paul, 142 Minn. 356, followed and applied.

Action in the district court for Ramsey county to recover $5,000 for injuries received while in the employ of the fire department of the city of St. Paul. The case was tried before Hanft, J., who made findings and ordered judgment in favor of plaintiff for $500. From the judgment entered pursuant to the order for judgment, defendant appealed. Re-

[1]Reported in 180 N. W. 777.

versed with directions.

W. D. Dwyer and C. J. Menz, for appellant.

Tom J. McGrath, for respondent.

BROWN, C. J.

Plaintiff was in the employ of the city of St. Paul in the capacity of a fireman and a member of its duly organized fire department. He was injured on October 2, 1918, while engaged in his employment, suffering therefrom a temporary disability. The injury received resulted from a collision between a fire truck, on which plaintiff was riding to a fire, and a street car operated by defendant. Defendant, as to its employees, is within and subject to the Workmen's Compensation Act, and, if plaintiff as an employee of the city was within the act at the time of the injury, defendant is entitled to the benefits of the third party provisions of section 8229. On the theory and claim that plaintiff was not then subject to the act, and therefore in no way bound by its provisions, he brought this action at law to recover from the defendant, alleging that the injuries complained of were caused by its negligence in the operation of the street car so colliding with the truck. Defendant pleaded in defense, among other things, that both parties were subject to and within the compensation act, that plaintiff's remedy and relief is limited to the relief there provided, and that this action cannot be maintained. Plaintiff put in issue the claim that his rights are controlled by the compensation act. At the trial the parties stipulated that if plaintiff was within the act he was entitled to judgment for the sum of $120, but if not subject to the act the sum of $500 was agreed upon as damages for his injuries. The trial court held the compensation act inapplicable and ordered judgment for plaintiff for the sum of $500, as stipulated by the parties. Judgment was so entered and defendant appealed.

Independent of certain compensatory provisions of the charter of the city of St. Paul, applicable to policemen and firemen in the service of the city, the question of plaintiff's relation to the compensation act is controlled by the decisions in State v. District Court of St. Louis County, 134 Minn. 26, 158 N. W. 790, and State v.

District Court of St. Louis County, 134 Minn. 28, 158 N. W. 792. The latter case involved the status, with respect to the compensation law, of a fireman in the employ of the city of Duluth, and it was there held that those in that service were within the act. We adhere ·to that decision.

The compensation act as applied to the fire department service under the Duluth charter, including the manner of appointment and term of service, and like service under the St. Paul charter, is the same, and the decisions referred to apply to the case at bar, unless the situation is to be differentiated by the presence, in the St. Paul charter, of a provision granting certain specific relief to injured firemen in the service of that city. The charter provisions are as follows:

"Section 52. All firemen or police officers injured in actual service and thereby rendered incapable of performing his duty, shall receive full pay during the period of incapacity; not exceeding six months and if incapacitated for a further period, one-half pay, not exceeding an additional period of six months."

We fail to discover from the fact that relief was so provided by the city at the time of the passage of the compensation act, or in the measure or extent thereof, sufficient reason for declaring as a necessary implication of law that the legislature intended to exclude from its benefits the firemen and policemen of St. Paul. There is no express declaration to that effect in the compensation act. There is nothing in conflict between the relief granted by the city. and that granted by the compensation act, and both may stand and be enforced without confusion or discord in results, or, as expressed by Mr. Justice Quinn in Markley v. City of St. Paul, 142 Minn. 356, 172 N. W. 215, the relief given by the St. Paul charter must be treated as additional compensation, the payment whereof may be avoided by the city only by a repeal of the provisions of the charter. The necessary result of that conclusion is that the compensation act constitutes the paramount law of the state applicable to employees of the city of St. Paul as well as to all other employees throughout the state at large not expressly excepted from its operation.

Every reason consistent with the intention of the legislature in the enactment of the statute, as well as the interests of the policemen and firemen of the city of St. Paul, and other cities working under home-rule charters where similar relief may be provided, fully justifies and in fact requires the conclusion stated. A construction of the act in harmony with plaintiff's contention would work an injustice to the employees named, clearly a result not in the mind of the legislature. Injuries received by firemen and policemen, particularly the former, are in the great majority of instances accidental, for which there is no redress at law. The benefits provided for by the compensation act for such injuries are far greater and more substantial than given by the St. Paul charter. Under the charter provisions injuries resulting in disability, regardless of the character or duration, draw the same relief. If a fireman suffers the loss of one or both legs he will be entitled to full pay for six months, and one-half pay for the succeeding six months and no longer; the same result follows if perchance he may by some explosion at a fire attended by him lose the sight of one or both his eyes; the loss of an arm or both arms brings the same compensation. Under the compensation act the loss of a leg entitles the injured employee to compensation measured under the present law by sixty-six and two-thirds per cent of his daily wages for a period of 175 weeks; and for the loss of both legs the same compensation for 400 weeks; for the loss of a hand the same per cent of the daily wage for the period of 200 weeks. The St. Paul charter makes no absolute allowance to the family of a fireman or policeman in case of death occurring in the course of his employment accidentally or otherwise, the granting of relief in that case being wholly left to the discretion of the city council. Section 355, city charter. The compensation law gives in such case to the widow or other dependents $10 per week for 300 weeks. This, though perhaps inadequate, is definite and certain, but under the charter provisions may or may not equal the same, or may not be paid at all, depending upon the city council in each particular case. Other provisions of the compensation law grant specific relief measured in amount to correspond with the character of the disability, while under the St. Paul charter

the relief is the same in all cases. It seems clear that the legislature did not intend to create inequalities of the kind, and the charter provisions must therefore be held, as stated in the Markley case, as additional relief, in no way affecting the compensation act.

This conclusion is not affected by chapter 176, p. 176, Laws 1919, enacted subsequent to this controversy, by which the legislature expressly excluded from the compensation law all employees of cities working under home rule charters wherein provision for relief is made. But it may be remarked that the change in the law thus brought about was probably an oversight, for if it continues in force some injured fireman or policeman may suffer the loss of rights which otherwise he would be entitled to under that law.

Judgment reversed with directions to the court below to order judgment in harmony with the views here expressed.