## STATE EX REL. CITY OF DULUTH v. DISTRICT COURT OF ST. LOUIS COUNTY AND ANOTHER.[1]

July 7, 1916.

Nos. 19,935—(261).

**Workmen's Compensation Act —persons in the service of a city — police-man.**

> The Workmen's Compensation Act provides than an employee shall be construed to include every person in the service of a city under any appointment or contract of hire, except an official of the city who has been elected or appointed for a regular term of office. A policeman of the city of Duluth is a person in the service of the city, and he is not appointed for a regular term of office. A policeman is accordingly an employee within the meaning of the act.

Upon the relation of the city of Duluth this court granted its writ of *certiorari* to review a judgment of the district court for St. Louis county, Fesler, J., in proceedings under the Workmen's Compensation Act brought by the dependent parents of Neil Mooney, employee, against the city of Duluth, employer. Affirmed.

*John E. Samuelson* and *Leonard McHugh,* for relator.

*W. F. Dacey,* for respondent.

HALLAM, J.

A policeman in the employ of the city of Duluth was killed while in the discharge of his duty. This proceeding is brought by his dependents under the Minnesota Workmen's Compensation Act (G. S. 1913, §§ 8195-8231) to recover compensation. The main question in the case is, does the compensation act apply to a member of the police force of the city of Duluth? The trial court held that the act does apply. We agree with the trial court.

The act in general applies to "employees" and "workmen." This case

[1] Reported in 158 N. W. 790.

depends on the question whether a policeman is an "employee" or "workman." G. S. 1913, § 8230, subd. g, defines who are "employees" and "workmen," as follows:

"The terms 'employee' and 'workman' * *, * shall be construed to mean: * * * Every person in the service of a * * * city * * * under any appointment or contract of hire, express or implied, oral or written, but shall not include any official of any * * * city * * * who shall have been elected or appointed for a regular term of office."

It is not important to determine whether a policeman is a city official, as that term is commonly used. The terms "official" and "officer" are used broadly and have been held under some statutes to embrace policemen; for example, in State v. Gardner, 88 Minn. 130, 142, 92 N. W. 529, a policeman was held to be an "executive officer," within the meaning of G. S. 1894, § 6327, now G. S. 1913, § 8526, making it a crime for any executive officer to receive a bribe. We have no criticism of that decision. The question in the case before us is different. It is not whether a policeman is an officer or an official, but whether he is an "official * * * elected or appointed for a regular term of office." Clearly he is not. A "regular term of office" signifies a definite period of time. Throop, Pub. Officers, § 303; Mechem, Pub. Off. & Officers, § 385; Crovatt v. Mason, 101 Ga. 246, 254, 28 S. E. 891; State v. Breidenthal, 55 Kan. 308, 312, 40 Pac. 651; State v. Gordon, 238 Mo. 168, 142 S. W. 315, Ann. Cas. 1913A, 312; State v. Galusha, 74 Neb. 188, 104 N. W. 197; Gibbs v. Morgan, 39 N. J. Eq. 126; People v. Brundage, 78 N. Y. 403, 407. Under the Duluth charter policemen receive their office by appointment under civil service rules. They hold office during good behavior. There is no term at all. Manifestly this is not an appointment for "a regular term of office."

It does not help to say that the fact that a policeman holds his office for an indefinite term during good behavior, does not render him any the more an employee or any the less an official. Perhaps it would not, were it not for the language of the statute which makes every person in the service of the city an employee, except officials "elected or appointed for a regular term of office." We cannot ignore this language. It means just what it says. Since a policeman is in fact a "person in the service of a * * * city," and is *not* in fact an official elected or appointed for a regular term of office, he is within the intent and meaning of the act.

. We know of no authority or precedent that is helpful. Decisions are cited which hold that policemen are not employees, but they are made under statutes not like ours. None of the statutes so construed are as broad as ours. None of them embrace all persons in the service of the city not officials elected or appointed for a regular term. This observation applies to the Michigan statute construed in Blynn v. City of Pontiac, 185 Mich. 35, 151 N. W. 681. English decisions are not in point, because the English compensation act in so many words excludes policemen. Act of 1906, § 13. Others, such as the Wisconsin act, in terms includes policemen, Act of 1913, §§ 2394-2397.

Affirmed.