## ALMA BLISS v. SWIFT & COMPANY.[1]

June 2, 1933.

No. 29,455.

*Barrows, Stewart, Jackson & Junkin,* for relator.
*K. D. Stalland,* for respondent.

*HOLT, Justice.*

Certiorari to review a decision of the industrial commission awarding respondent compensation for the death of her husband.

It is conceded that respondent's husband was in the employ of relator as a carpenter on March 1 and 2, 1932, and had been so employed for several years prior thereto. On the morning of March 1 he went to work in apparent good health. On the morning of March 2, when leaving for work, he complained to his wife of not feeling well, and when he came home in the afternoon he showed her an abrasion on the shin bone of the left leg which was red and inflamed. The next day he was unable to go to work, and the family doctor was called. The infection was diagnosed as erysipelas. It could not be arrested. He was taken to a hospital, where within a few days he died. There was no direct proof of how or where the accident that produced the abrasion on the skin occurred. And the principal contention of relator is that respondent, on whom was the burden of proof, failed to produce competent evidence that an

[1]Reported in 248 N. W. 754.

accidental injury arising out of and in the course of the employ-
ment caused the wound or abrasion where the fatal erysipelas en-
tered.

The deceased worked with another carpenter. They were engaged
in removing and replacing heavy beams in the ceiling of a large
room in defendant's packing plant. To reach the ceiling to take
out and replace the beams a so-called table about 42 inches high
was provided. To the legs of this table were nailed crossbars upon
which the men stepped in getting on or off the table to lift and guide
the beams in place. The testimony of the carpenter who worked
with deceased was that in so doing bumps on the legs and shins were
often received. And from the nature of the work and conditions
under which it was done the inference may be drawn that in such
work an injury like the deceased had on his shin was likely to hap-
pen. There is also this competent testimony to be considered: The
deceased had been in good health and apparently was well on the
morning of the first when he left home for work, and the next day
in going home from work he limped. We exclude as incompetent
the explanation of deceased of the cause of his limping; also the
history given the physician called to treat him, in so far as that
history included recitals of past events, that is, that he had bumped
his shin in getting up on the table. Sund v. C. R. I. & P. Ry. Co.
164 Minn. 24, 204 N. W. 628. But we think the evidence relating
to the surrounding circumstances would permit the triers of fact
to consider the statement of deceased to the witness Marz as part
of the res gestae. Marz testified that he was seated on a bench in
the dressing room eating his noon lunch when deceased came in
looking distressed or not well, and sat down on the bench and
rubbed his leg; and in answer to Marz's inquiry as to his appear-
ance, said he had bumped his leg in getting on the table but thought
it was nothing serious. From his action in rubbing his leg and
looking distressed the inference is permissible that he was then
suffering from the first intense pangs of pain usually experienced
from a bump on that part of the leg. The triers of fact could con-
clude that his utterance had that spontaneity which excludes it
from the hearsay rule. The authorities making the statement ad-

missible as part of the res gestae are cited in Johnston v. W. S. Nott Co. 183 Minn. 309, 236 N. W. 466, a case much in point here. This statement being admissible and competent, the inference is readily arrived at that the abrasion on the shin which admitted the entrance of the erysipelas germs took place just before the deceased left his work to enter the dressing room, that is, while he was at his work for relator. Both deceased and Marz well knew that the table referred to was the one used in the work. While the industrial commission is not strictly bound by the rules of evidence governing court trials, still its findings of fact must be based on competent evidence and cannot rest on pure hearsay. Walker v. Minnesota Steel Co. 167 Minn. 475, 209 N. W. 635; 1 Mason Minn. St. 1927, § 4313. In our opinion Marz's testimony was competent evidence and supplies sufficient basis for finding that the abrasion on deceased's leg, which was clearly established by the testimony not only of respondent but by the attending physician, was received by him in an accident arising out of and in the course of his employment in relator's plant on March 1, 1932. That the commission had sufficient evidence for the conclusion that the abrasion resulted in the erysipelas infection and death of respondent's husband cannot be doubted.

The decision of the industrial commission is affirmed with $100 attorney's fees to be taxed as costs in this court.