## VIRGIL HOMMERDING v. CLARENCE LANDWEHR HEAVY MOVING AND ANOTHER.

139 N. W. (2d) 482.

January 7, 1966—No. 39,686.

*Burns, Burns, Rawlings & Burns,* for relator.
*Robb, Robb & Van Eps,* for respondents.

ROGOSHESKE, JUSTICE.

Certiorari to review a decision of the Industrial Commission denying benefits for an alleged work-connected back injury.

Relator, Virgil Hommerding, employed as an "oiler," was a part of a crew of seven men engaged in tearing down a large, metal, propane-gas storage tank—removing and cutting up the metal sheeting of which it was constructed with acetylene torches. The employee testified that on March

27, 1962, while carrying a 125-pound oxygen tank to the cutting crew and when he was within 15 or 20 feet of his coworkers, he slipped upon one of the oily metal sheets. The tank fell forward and he fell backward on his hands. He claimed this fall caused injury to his back, subsequently diagnosed as a prolapsed intervertebral disc and an impending prolapsed disc in the lumbar area requiring surgical repair on May 16, 1963. The vital question tried before the referee and the commission was whether the undisputed disability was work-connected.

In denying benefits, the referee explained that if the employee's "testimony were accepted as creditable," he would be entitled to benefits. However, the referee refused to "give credence to his testimony in regard to the manner of occurrence of the injury."

Affirming the referee, the Industrial Commission declared:

"Petitioner stated the incident took place within 15 to 20 feet from where the men were working. In spite of the resounding noise created by the falling oxygen tank against the metal sheet, not one of the workers witnessed the fall or were attracted by the noise of the falling tank. Neither did the employee tell any of these co-workers about the alleged fall.

"Strangely, the record further reveals the employee failed to report the episode to his employer, nor did he give a history of the fall to his treating physician. Hospital records introduced in evidence were vacuous with reference to the cause of injury."

It is true that the employee's testimony alone might have been found sufficient to prove his claim.[1] In examining the record we also find, as the employee argues, an absence of any other suggested cause for relator's disability and possible explanations for the failure of his coworkers to see or hear his fall and for his failure promptly to tell others about it or disclose it as part of his history during treatment. Despite the force of this argument, those charged with finding the facts were unanimous in refusing to accept the evidence as sufficient proof that the claimed injury-producing fall occurred. Mindful of the difficulty of proof confronting the

---

[1] Jurich v. Cleveland-Cliffs Iron Co. 233 Minn. 108, 46 N. W. (2d) 237; Anderson v. Coca Cola Bottling Co. 190 Minn. 125, 251 N. W. 3; 21 Dunnell, Dig. (3 ed.) § 10421(14).

employee, the commission nevertheless viewed the claim as founded upon mere speculation and conjecture and expressly found the employee failed to sustain his burden of proof. Both the referee and the commission regarded the occurrence described as inherently improbable.

The question of proof is a question of ultimate fact for the commission. Inherent in the nature of factfinding, the commission is entitled, and indeed required, either to accept or reject the testimony of any witness upon consideration of the weight and credibility thereof. In reviewing a decision based upon findings of fact, whether it denies or awards benefits, our function is limited to determining whether the facts found are justified by the evidence. In neither case are we at liberty to substitute our judgment for the commission's where reasonable minds might reach different conclusions. In such cases the commission's findings are conclusive. Since the record would support a decision either for or against the employee, affirmance of the commission is inescapable.[2]

Affirmed.

MR. JUSTICE MURPHY took no part in the consideration or decision of this case.

---

[2] Fisher v. Red & White Taxi Co. 270 Minn. 317, 133 N. W. (2d) 543; 21 Dunnell, Dig. (3 ed.) § 10426(11 to 14).