REMI A. KNAEBLE v. CUSTOM TOOL & MANUFACTURING COMPANY AND ANOTHER.

142 N. W. (2d) 92.

April 15, 1966—No. 39,845.

*Remi A. Knaeble,* pro se, for relator.

*Mahoney & Mahoney* and *Richard P. Mahoney,* for respondents.

ROGOSHESKE, JUSTICE.

Certiorari upon relation of employee to review a decision of the Industrial Commission denying benefits for total disability upon a finding that such disability was neither caused nor aggravated by any injury arising out of and in the course of employment.

The employee, Remi A. Knaeble, 44 years old, worked for respondent Custom Tool & Manufacturing Company for about 6 months from November 7, 1961, through May 4, 1962, as a "hand blender." Since childhood he has been a paraplegic due to polio. In order to walk, he has always used crutches. He is 5 feet 5 inches tall and his normal weight is 210 pounds. It was established that before and during his employment as a "blender" he was also afflicted with hypertrophic arthritis of the cervical spine.[1] His work for respondent employer consisted of inspecting, grinding, and buffing small metal turbine blades for airplane jet engines. These operations were performed while he was seated at a bench in a chair with a backrest. Any scratches, bumps, or deformities revealed by an inspection of the blades were removed by holding them against a rotating wheel operated by an air motor mounted on the bench. The grinding and polishing wheels are changed frequently. Although the work does not require strenuous physical exertion, it requires extensive repetitive movements of the neck, head, and arms. This was described and demonstrated in detail at the hearing by the employee and further portrayed by a moving picture film taken of a fellow employee doing like work offered for illustrative purposes by employer-insurer.

---

[1] He obtained the job through the Minneapolis Rehabilitation Center, but his preexisting disability was not registered by his employer with the special compensation fund. However, during the course of the hearing before the referee, a motion to join the fund was granted.

In January 1962, while at work, employee experienced numbness and pain in both arms. On May 4, 1962, while at work, he became ill and received treatment for a suspected heart ailment. He never returned to his work, and subsequently his condition was diagnosed as hypertrophic arthritis of the cervical spine with spondylosis and encroachment upon the cervical nerve, producing a radiculitis. It was the employee's claim that he had previously suffered no pain or disability to his cervical spine and that the repetitive movements required to perform his work caused or aggravated his preexisting arthritic condition, resulting in total disability.

In denying compensation, the commission unanimously adopted the findings of the referee that the employee was totally disabled "as a result of a degenerative arthritic condition of the cervical spine, and cervical radiculitis," which was "not caused or aggravated by a personal injury or injuries arising out of and in the course of * * * employment." Recognizing that it was possible for the employee's work to aggravate his preexisting arthritic condition entitling him to benefits,[2] and quoting from Fisher v. Red & White Taxi Co. 270 Minn. 317, 133 N. W. (2d) 543, where the facts and claims were strikingly similar, the commission reasoned that the weight of the medical testimony, based upon all the evidence, led to a conclusion that "the employee's diseased condition progressed naturally into disability while he was so employed."

Essentially, the employee challenges the commission's findings of fact, contending that his movements were more strenuous and rapid than portrayed by the film and that the evidence of preemployment pain and disability to his back (upon which the employer-insurer's medical testimony was based) was untrue, misleading, and improperly received into evidence.

As is not unusual, the employee's right to compensation turned on a determination of the facts, which is exclusively the function of the commission. The employee's claim of no prior trouble with his back conflicted with medical records predating his employment, and it is apparent that the commission found the records and the medical opinion based thereon more credible and persuasive than the opinions supporting the

---

[2] Gillette v. Harold, Inc. 257 Minn. 313, 101 N. W. (2d) 200.

employee's claim that his disability was work-connected. Where, as here, a resolution of the conflicting evidence would support a decision either for or against the employee, the commission's determination is conclusive.[3]

Although we assume as employee claims,[4] that unknown to the referee and the commission the film was taken at a different plant under dissimilar working conditions, we find no error or prejudice in the commission's use of the film. The commission is not bound by strict rules of evidence.[5] Moreover, the film was not introduced to portray working conditions but, as the record clearly reveals, simply to afford the triers of fact a better understanding of the employee's description and a demonstration of his movements while performing his work. Upon the same well-settled rules, we find no error in the commission's consideration of the medical records covering examinations and treatment before and after his employment and received into evidence without objection. The decision denying benefits must therefore be affirmed.

Affirmed.

---

[3] Hommerding v. Clarence Landwehr Heavy Moving, 272 Minn. 40, 139 N. W. (2d) 482.

[4] Asserted for the first time on oral argument before this court.

[5] Minn. St. 176.411, subd. 1; Danussi v. Easy Wash, Inc. 270 Minn. 465, 134 N. W. (2d) 138.