LaVERNE PLANTE v. BELLE PRAIRIE TOWNSHIP
AND OTHERS.
HANNA ORE MINING COMPANY, RELATOR.

144 N. W. (2d) 257.

July 15, 1966—No. 40,094.

*Leonard Kne,* for relator.

*Nolan, Alderman & Holden,* for respondent Plante.

*Meagher, Geer, Markham & Anderson, Mary Jeanne Coyne,* and *G. T. MacIntosh II,* for other respondents.

ROGOSHESKE, JUSTICE.

Certiorari to review an award of compensation by the Industrial Commission based upon a finding that the first of two work-related back injuries was the sole cause of an employee's permanent partial disability. Essentially, the appeal by one of the employers, Hanna Ore Mining Company, a self-insurer, raises the question of whether the evidence reasonably sustains the commission's resolution of this disputed fact issue.

On June 2, 1961, the employee, then 23, in the course of his employment with Hanna while helping a coemployee lift a 20- to 40-pound hose, sustained the initial injury to his lower back. He was disabled for over 3 weeks, during which time he received treatment from the company doctor and made several visits to a chiropractor. Hanna paid compensation for 3 weeks' temporary total disability.

Upon his return to work for 2 weeks in 1961 and for two subsequent periods of about 3 months beginning in June 1962 and 1 week in June 1963, each time being laid off as Hanna reduced its work force, he was not able to resume his previous work of shoveling and lifting but was assigned light work. Although he experienced no recurrence of back symptoms in the course of these employment periods, in November 1961, because of persistent back trouble, he sought additional medical treatment from Hanna, but was refused.

Between November 14, 1963, and November 20, 1963, he was employed by Belle Prairie Township to cut brush along a town road near

his home to reimburse the township for relief in the form of grocery purchases for him. During this period he suffered backache. On November 20, 1963, when he straightened up from a stooped-over position required to cut brush with an axe, he got a "kink" in his back. It produced the same type of pain, although not as severe, as resulted from the original injury and forced him to discontinue work. He told the township officials that his back pain was a recurrence resulting from his injury at the Hanna mine in 1961. He obtained medical attention and treatment beginning December 20, 1963, and continuing until June 5, 1964, for a condition diagnosed by his attending doctor as an intervertebral disc injury. This doctor expressed the opinion that the employee has a 20-percent permanent partial disability of his back. A written report of a medical specialist to whom he was referred by his treating doctor expressed the opinion of a "probable diagnosis of lumbar sprain," but made no estimate of permanent disability. This specialist was not called as a witness.

Between the original injury in 1961 and the second work-related injury in November 1963, the employee experienced 12 to 15 recurrences of the same type of sharp pain in the same area of his back, usually caused by lifting and bending while performing ordinary chores around the 3-acre plot of land on which he and his family lived. He had recurrences of the pain when he was taking part in throwing poles over a fence, when he was carrying a 10-gallon pail of hot water at arm's length, both occurring in 1962, and when he was struck by a falling tree branch in March 1963. One recurrence resulted when he "rolled over" in bed. At irregular intervals, he received chiropractic treatments which afforded temporary relief. As he testified, subsequent to the original injury he was unable to bend, reach, or lift without experiencing pain or discomfort. His attempts to find employment were hampered by advising prospective employers that he could do no heavy lifting. During the summer of 1963, he was employed as a truck driver. This required no lifting, but his back continued to bother him. Following medical treatment for the November 20, 1963, injury he returned to work as truck driver on June 1, 1964. By wearing a back support recommended by the medical specialist, he is able to continue such work.

The referee found both work-related injuries contributed to cause tem-

porary total disability from November 20, 1963, to June 1, 1964, and also 10-percent permanent partial disability to his back, holding both employers equally responsible for payment of benefits. On appeal by both employers, the commission, one member dissenting, found that the employee's second injury caused in part a temporary total disability of a preexisting back condition caused solely by the first injury of June 2, 1961, at which time he sustained a 20-percent permanent partial disability to his back.

On this appeal Hanna claims that each of the 12 to 15 injuries suffered between the two work-connected injuries constituted a "separate intervening accident" breaking the causal relation between the first injury and the employee's permanent partial disability. Further, that the township "took the employe * * * as it found him" in November 1963, and is therefore solely responsible for both his temporary total and permanent partial disability.

The cause of the disability is a question of fact. The evidence, especially the testimony of the employee, provides a reasonable basis upon which the commission could conclude that the employee had not fully recovered from the first injury and that all subsequent aggravations, including the second work-related injury of November 20, 1963, were of a temporary nature and merely manifestations of a preexisting disability and corroborative proof that the first injury alone caused his permanent disability. The conclusions that neither injury caused permanent disability, reached by the dissenting member, or that both contributed to cause such disability, reached by the referee, each have evidentiary support. Since the evidence would reasonably support different conclusions, the commission's findings are conclusive.[1]

Contrary to Hanna's claim, there is no deviation by the commission from the principle that an employer takes his employee as he finds him. But for the employee's preexisting permanent disability, no temporary total disability might have resulted from the November 20, 1963, injury. However, upon the recurrence of his back injury, the township was prop-

---

[1] Hommerding v. Clarence Landwehr Heavy Moving, 273 Minn. 40, 139 N. W. (2d) 482.

erly required to share the payment of benefits for the period of temporary total disability.[2]

Employee-respondent is allowed $250 attorneys' fees in this court.

Affirmed.

---

[2] Roman v. Minneapolis St. Ry. Co. 268 Minn. 367, 129 N. W. (2d) 550. See, also, Haverland v. Twin City Milk Producers Assn. 273 Minn. 481, 142 N. W. (2d) 274; Marsolek v. Miller Waste Mills, 244 Minn. 55, 69 N.W. (2d) 617.